EBEN COREY *et al. vs.* JAMES C. PERRY *et al.*

Cumberland. Decided September 13, 1877.

*Bankruptcy.*

When a member of a firm files his petition in bankruptcy, giving no schedule of firm debts and assets nor praying for a discharge from firm liabilities, his discharge, when obtained, will only relieve him from his individual indebtedness and not from partnership liability.

ON EXCEPTIONS from the superior court.

ASSUMPSIT, commenced March 6, 1876, entered at the April term 1876, and tried by the justice without the intervention of a jury, at this February term, 1877, subject to exceptions in matters of law. *Ad damnum*, $60. Plea, the general issue, with brief statement, as follows :

That on the 3d day of March, A. D. 1873, said defendants' creditors filed a petition in bankruptcy against him, the said James C. Perry, in the district court of the United States for the district of Maine, upon which petition, after due notice, he was on the 7th day of April, A. D. 1873, by said court duly adjudged a bankrupt under the act of congress entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867; that regular and due proceedings were had in said court in said matter; that on the 26th day of May, 1874, said James C. Perry filed his petition in said court for his discharge; that after proper notice and due hearing, said court on the 7th day of September, A. D. 1874, granted said James C. Perry a discharge of and from all debts which by said act were provable against his estate, which existed on the 3d day of March, A. D. 1873 ; and

that the debt declared on in plaintiffs' writ existed, if at all, on said 3d day of March, and was provable against his estate.

The plaintiffs filed a counter brief statement that the account annexed to the plaintiffs' writ did not accrue against the said James C. Perry in his individual capacity, but against said Perry and one John G. Dunn, who was a co-partner with said Perry, under the firm name of Perry & Dunn, as will more fully appear by the bill of particulars, attached to said writ;

That the proceedings in bankruptcy, recited and referred to in the brief statement of the defendant, were not against the said firm of Perry & Dunn, but were originally commenced and subsequently prosecuted against said James C. Perry in his individual capacity;

That the partnership debts of said Perry & Dunn were neither proved, nor adjudicated upon, by the court in bankruptcy, under said proceedings;

That the final discharge (if any) granted said Perry, was a discharge from his private individual debts, and not against the debts or liabilities of the said firm of Perry & Dunn or the legal liabilities of said Perry as a member or co-partner in said firm ; and

That neither said proceedings in bankruptcy, nor the discharge under the same, can be pleaded in bar against the lawful debts contracted by said firm of Perry & Dunn.

The defendant put in evidence his discharge in bankruptcy, dated September 7, 1874, and signed by Edward Fox, judge of the district court, U. S. for the district of Maine, which, omitting the formal heading and conclusion, was of the tenor following :

" Whereas James C. Perry of Paris, in the county of Oxford and state of Maine, has been by this court, on petition of his creditors, duly adjudged a bankrupt, under the act of Congress entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' approved March 2, 1867, and appears to have conformed to all the requirements of the law in that behalf; and it appearing that the assets of said bankrupt are not equal to fifty per cent. of the claims proved against his estate contracted after January 1st, 1869, upon which he is liable as principal debtor, and that the assets in writing of a majority in number and in value of

his creditors to whom he has become liable as principal debtor since that time and who have proved their claims, has been filed in this case before hearing on the application for discharge.

"It is therefore ordered by the court, that said James C. Perry be, and he hereby is, forever discharged of and from all debts and claims which by said act are made provable against his estate, and which existed on the third day of March, A. D. 1873, on which day the petition for adjudication was filed against him, excepting such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy."

The following was the finding of the justice:

"The only question submitted to me for determination was whether the discharge of James C. Perry in bankruptcy, introduced in evidence by the defendants, discharged him from the debts of the firm of Perry & Dunn, of which he was a member on March 3, 1873. I rule that the liability of James C. Perry as a partner for firm debts then due was not thereby discharged, and give decision for the plaintiffs for the amount due according to the account annexed."

The defendants alleged exceptions.

*G. A. Wilson,* for the defendants.

*A. J. Blethen,* for the plaintiffs.

APPLETON, C. J.    The bankrupt law of the United States provides for the discharge of individuals from individual debts and of partners from the debts of the firm.    The assets of the individual cannot be diverted from the payment of individual debts to the payment of firm debts, nor can those of the firm from firm debts to the payment of individual debts.    The individual estate and its assets and liabilities and the firm estate and its assets and liabilities are kept separate and distinct, so that the creditors of the firm and of the individuals composing it may receive equal and exact justice.

The twelfth rule of the district court of the United States for the district of Maine, is as follows: "Whenever a debtor shall desire to be discharged from his liabilities as a member of a co-partnership, as well as from his individual indebtment, Form No. 1, as

prescribed by the rules and orders of the supreme court, shall be altered by setting forth therein a description of such firm, with the names and places of residence of the co-partners and shall pray for the discharge of the petitioner from his liabilities as member of such firm."

The propriety and justice of this rule are apparent. The petitioners for a discharge in bankruptcy should clearly state from what debts they desire to be discharged: if as individuals, that they desire a discharge from individual liabilities; if as members of a firm, that they desire a discharge from partnership liabilities, or from partnership and individual liabilities.

The defendant, James C. Perry, was a member of the firm of Perry & Dunn. In his petition he desired only to be discharged as an individual. He did not set forth that he was a member of any firm. He petitioned for no discharge from firm debts. He set forth no firm liabilities and disclosed no firm assets. The firm of Perry & Dunn has not been declared bankrupt. It has not been before the district court sitting in bankruptcy nor within its jurisdiction.

Is then the discharge of Perry a discharge from the firm debts as well as from his individual liabilities ?

*In Re* William. H. Little, 1 Bankr. Reg. 341, Little had been a partner with one Dana, and commenced voluntary proceedings in bankruptcy in his own name. In his schedules the debts and assets of the firm of Little & Dana were mentioned, and the petitioner prayed to be discharged from all his debts, but fearing that by such proceedings he would not be discharged from the debts of Little & Dana, he asked that his proceedings might be so amended that Dana might be made a party and cited to show cause why the firm of Little & Dana should not be declared bankrupt. Upon this question of amendment, Blatchford, J. says "Under these circumstances, as the petitioner prays to be discharged from all his debts provable under the act, and some of the debts set forth in the schedule annexed to his petition are debts of the said firm, and as this petition is one to have the firm declared bankrupt on the petition of its partners, within the provision of section 36 of the act and of general order No. 18, as Dana did not join with Little in his (original) petition, he ought to have been brought in

by proper proceedings under general order No. 18, before an adjudication of bankruptcy was made on the petition of Little ; the defect is now sought to be remedied by Little. His petition requires to be amended. When he is so brought in, he (Little) can be discharged from the debts of the firm because the theory and intent of § 36 of the act and general orders Nos. 16 and 18 are, that the creditors of a firm shall be required to meet, but once and in our bankruptcy forum, all questions in regard to the bankruptcy of the firm and in regard to debts against the firm." In *Amsinck* v. *Bean*, 22 Wall. 395, it was decided that the assignee in bankruptcy of the estate of an individual partner of a debtor co-partnership could not maintain a suit to recover hush money previously paid to a creditor of the co-partnership, upon the ground that the money was paid to such creditor in fraud of the other creditors of the firm, and in fraud of the provisions of the bankrupt act. The suit should be by the assignee of the firm. So that in this case, the assignee of Perry could not have collected any of the assets of Perry & Dunn. The firm debts should not be discharged when the firm creditors could not possibly have their share of its assets.

The firm assets were never before the bankrupt court. Neither were the firm debts. "It is difficult," remarks Drummond, J., *In Re* Noonan, 3 Biss. 491, "to see how any member of the firm can be released from his personal liabilities as such without the court substantially looking into all the transactions of the firm and settling up its affairs. A man cannot be discharged from his liabilities as a member of the firm unless the debts and assets of the firm are considered and adjudicated upon by the court." The fact that persons have been adjudicated bankrupts as members of one firm is no bar to nor does it defeat a petition against them as partners with others in another firm. *In Re* Jewett, 16 Bankr. Reg. 48. In *Hudgins* v. *Lane*, 11 Nat. Bankr. Reg. 463, it was decided that the discharge of a member of a firm upon his individual petition in bankruptcy, and without any proceedings by or against the firm, does not discharge such member from the partnership debts. See also *Compton* v. *Conkling*, 15, N. B. R. 417.

The conclusion is that Perry has not been discharged from his partnership debts. *Exceptions overruled.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.