Louis M. Rallard et al. v. Lippman Bros.—Syllabus.

## LOUIS M. BALLARD ET AL., APPELLANTS, VS. LIPPMAN BROS., APPELLEES.

1. A note payable to a married woman and secured by mortgage on real estate was endorsed by her alone. On the mortgage was written. "For value received, I do hereby assign, transfer and set over the within mortgage, and the note to secure which it is given, unto" certain named endorsees, and this transfer was signed by both husband and wife : *Held,* This to be a compliance with the requirement of the statute, that the husband and wife shall join in all sales, transfers and conveyances. of the personal property of the wife.

2. The provision of the statute (McClellan's Digest, page 755, §6),. that "the real estate of the wife shall only be conveyed by the joint deed of the husband and wife, duly attested, authenticated and admitted to record, according to the laws of Florida regulating conveyances of real property," was not intended to render invalid, as between the parties thereto, a deed of a. married woman conveying her real estate otherwise in compliance with law, but not recorded. *Christy vs. Burch,* 25 *Fla.,*. 942, 2 *South. Rep.,* 358, *cited and approved.*

3. A married woman can in conjunction with her husband convey the property of which she is seized in fee to secure the payment. of her husbands's debts.

4. When a chancellor, after adjudicating the equities between the parties, in a cause not under a default. refers it to a master for his report, the proceedings before him are regulated and controlled by the rules of practice appliable to such a reference,. and the parties are entitled to notice and a hearing on the matters specified in the order of reference.

Appeal from the Circuit Court for Polk county.

The facts of the case are stated in the opinion of the court.

*Eppes Tucker* for Appellants.

31

*Sparkman & Sparkman*, for Appellees.

MABRY, J.:

Louis, Lawrence and Jacob Lippman, doing business under the firm name of Lippman Bros., filed a bill against Edward I. Devane and wife, Alice V. Devane, Louis M. Ballard and wife, Sarah E. Ballard, to fore-close a mortgage. The mortgage was executed on the 7th day of November, 1885, by Devane and wife to Sarah E. Ballard, wife of Louis M. Ballard, appellants, to secure the payment of a promissory note for $580, payable the first day of January, 1887, with interest from date at the rate of eight per cent. per annum. This mortgage covers a lot of land in Lakeland, Polk county, was duly acknowledged and recorded in the proper office on the 16th day of December, 1885. The note is endorsed "Pay to the order of Lippman Bros.," and is signed by Sarah E. Ballard; and on the mort-gage the following assignment is written: For value received I do hereby assign, transfer and set over the within mortgage, and the note to secure which it is given, unto Jacob Lippman, Louis Lippman, and Law-rence Lippman, copartners under the firm name of Lippman Bros., of Savannah, Ga., their executers, ad-ministrators and assigns, with full power and author-ity to enforce the collection thereof, and to satisfy and cancel the same when paid off. Witness my hand and seal this—January, A. D. 1886.

SARAH E. BALLARD (Seal.)<br>L. M. BALLARD (Seal.)

In presence of—
    ELMER MURCH,
    I. D. STROUD.

This assignment is acknowledged by Sarah E. Ballard and L. M. Ballard before a notary public on the 9th day of January, 1886.

The bill alleges the transfer of the note and mortgage by Sarah E. and Louis M. Ballard on the 9th day of January, 1886, to complainants, Lippman Bros., and that they were the holders and owners of the same. Besides the usual allegations in such bills, the one before us further alleges that E. I. Devane purchased the mortgaged premises from Sarah E. and L. M. Ballard, and that the said note and mortgage were executed to secure a balance of purchase money due on the same; that subsequent to the execution of the note and mortgage Devane and wife sold and conveyed said lot to William H. Starling, and that Starling afterwards sold and conveyed the same to Sarah E. Ballard, and that the deeds of conveyance from Sarah E. and L. M. Ballard to Devane, and from Devane and wife to Starling, and from Starling and wife back to Sarah E. Ballard had not been placed on record, but were in the custody and control of the Ballards who were then in possession of the lot.

An account is prayed for, and that Edward I. Devane and L. M. Ballard be decreed to pay the same.

All of the defendants demurred to the bill on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled and Ballard and wife answered.

The execution of the note and mortgage by the Devanes to Sarah E. Ballard is admitted, and it is alleged that on the 9th day of January, 1886, she endorsed, assigned and transferred the note and mortgage to the complainants, Lippman Bros., to secure

the payment of a certain account for merchandise, then past due from her husband to them; that afterwards the husband, L. M. Ballard, signed the transfer of the mortgage, but never signed the endorsement of said note. It is further alleged that Sarah E. Ballard had no interest in the mercantile business of her husband, out of which said account grew, and that it was conducted in the name and solely on account of her husband; that at the time of her endorsement of the note she was the wife of L. M. Ballard and had not been made a free dealer under the laws of this State, and that she received no consideration or benefit for said endorsement and the assignment of said mortgage. The answer also admits that respondents sold the mortgaged premises to Edward I. Devane on the the 7th day of November, 1885, but it is alleged that Sarah E. Ballard remained in possession, and the title was held in abeyance, and that afterwards Devane sold the lot to Starling, who sold the same to Sarah E. Ballard, who is owner and in possession, and that said premises are her separate estate. That the so-called conveyances were not recorded, but held in abeyance, and being advised that the estate did not pass from said Sarah E. Ballard, she being in possession, said conveyances were rescinded and destroyed, and were not in the custody or control of respondents.

The cause was set down for hearing on bill, answer and exhibits, and a decree rendered in favor of complainants on December 27th, 1888, with a reference to a special master to take an account of what was due on the note. The special master named in the order of reference submitted a report bearing date February 7th, 1889, showing that there was due on the note, principal and interest, $730.80. He also reported due as an attorney fee the sum of $100. With the report

is filed an affidavit of a practicing attorney, who states that $100 is a reasonable fee in such a case.

On the 21st day of February, 1889, the judge at chambers rendered a final decree in favor of complainants for the sum of $730.80, the amount reported due on the note by the master, and the further sum of $100 for attorney fee, against the defendant Edward I. Devane, and directed that the mortgaged premises be sold to pay the same, together with the costs of the suit. The final decree, report of the master and affidavit of the practicing attorney as to the amount of the fee, were filed in the clerk's office the day the final decree was rendered. Ballard and wife appealed.

The errors assigned in the petition of appeal are:

First. The court erred in overruling the demurrer.

Second. The court erred in decreeing in favor of complainants, and in referring the cause to the master to take an account.

Third. The court erred in rendering final decree in favor of complainants and against respondents.

The demurrer was properly overruled. The bill alleges the execution of the note and mortgage to Mrs. Ballard and the joint assignment of herself and husband of the same to appellees. The note was endorsed by Mrs. Ballard alone, but there was a written assignment of the note and mortgage signed by both husband and wife. The demurrer admits the allegations of the bill, well pleaded, to be true, and this being so, it is clear that appellees showed a legal right to invoke the aid of the court in the foreclosure of the mortgage. The objections sought to be urged to the bill under the demurrer will be considered in disposing of the other assignments of error.

The other two assignments of error may be considered together. The cause having been set down for

hearing on bill, answer and exhibits, the allegations of the answer must be taken as true, along with the averments of the bill not denied or met by the answer. One objection presented by counsel for appellants is, that the assignment of the note and mortgage by Mrs. Ballard was null and void on the ground that she was a married woman at the time; not relieved of the disability of coverture, and her husband did not unite with her in the endorsement of the note. It is alleged in the answer that the wife endorsed the note and afterwards the husband signed the transfer of the mortgage. There is no date to the endorsement of the note, but the bill alleges an assignment of both note and mortgage by husband and wife on the 9th day of January, 1886. How long it was after the endorsement of the note before the written transfer of the note and mortgage by husband and wife was made, is not stated. Our statute provides that "the husband and wife shall join in all sales, transfers and conveyances of the property of the wife, and the real estate of the wife shall only be conveyed by the joint deed of the husband and wife, duly attested, authenticated and admitted to record, according to the laws of Florida regulating conveyances of real property." As to personal property the requirement is that the husband shall simply join in all sales, transfers and conveyances of the wife's property. By the pleadings and exhibits in this case it is shown beyond question that the husband did join his wife in the assignment of both the note and mortgage which are the subject of the foreclosure suit. The endorsement of the note, it is true, was by the wife alone, but in addition to this, both husband and wife united in a written assignment of the mortgage and the note secured by it, and there can be no question but that this assignment

is sufficient to carry the entire interest in both note and mortgage. There is nothing shown to impeach this assignment in any way, 'and it is' entirely sufficient, even if the endorsement alone of the wife on the note should be regarded as insufficient, a point which it is not necessary to decide. Tunno vs. Robert, 16 Fla., 738.

But it is further contended by counsel, as we understand him, that inasmuch as the deeds of conveyance from appellants to Devane, and from Devane and wife to Starling, and from Starling and wife back to Mrs. Ballard, were never recorded, but were destroyed, the estate in the mortgaged property never passed from Mrs. Ballard, and that the attempt to foreclose the mortgage is virtually an effort to subject her separate property to liability on her personal contract. The authorities cited on this point are from our own decisions, to the effect that the promissory note of a married woman is not effective to bind her person either at law or equity, and that under our recording statutes the absolute title remains in the grantor in abeyance until the deed is recorded, and that he retains such an estate as can be conveyed to a *bona fide* purchaser for value without notice. Dollner, Potter & Co. vs. Snow, 16 Fla., 86; Emerson vs. Ross, 17 Fla., 122; Hodges vs. Price, 18 Fla., 342. We do not see how the principles stated in these cases apply to the case before us. There is no effort to bind Mrs. Ballard personally on her endorsement of the note, nor does the decree appealed from tend to impose any liability on her, or her husband, on account of the transfer of the note and mortgage. Mrs. Ballard would not be a necessary party to the suit had not the title to the property described in the mortgage been reconveyed to her. Neither can it be said that she was in any

sense a *bona fide* purchaser of the property for value and without notice. It is admitted that she and her husband sold and conveyed the lot in question to Devane and that he executed the note and mortgage to her to secure a balance of purchase money due on it. Mrs. Ballard could not, of course, be ignorant of the execution of the mortgage when she accepted a conveyance of the lot from Starling.

The admission of a sale and conveyance to Devane must be regarded as a complete and effective transfer of the legal title to him, and Mrs. Ballard has further admitted this fact by taking the mortgage on the lot to secure a balance of purchase money due on it. The objection that because the deed to Devane was never recorded it was ineffective to convey the interest of Mrs. Ballard in the property, can not be sustained. This point has been settled in this court—Christy vs. Burch, 25 Fla., 942, 2 South. Rep., 258. It is clear then, on the showing made, that when Mrs. Ballard accepted the mortgage from Devane he held the legal title to the property in question. The assignment of the note and mortgage to appellees vested in them all the rights that Mrs. Ballard had in and to the same, and it is evident that no destruction of the deeds, or reconveyances of the property to her subsequent to the assignment, can impair the rights they thus acquired. There is some uncertainty as to the time when Starling conveyed the property to Mrs. Ballard, whether before or after the assignment of the note and mortgage to appellees. The mortgage was executed on the 7th day of November, 1885, recorded on the 16th day of December of that year, and transferred to appellees on the 9th day of January, 1886. The bill alleges and the answer admits that the appellants sold and conveyed the lot in ques-

tion to Devane, and that he afterwards sold and conveyed it to Starling, who conveyed to Mrs. Ballard. The dates of these transfers, except the one to Devane, are not given. The answer alleges that the "so-called deeds" were held in abeyance, and being advised that the estate had never passed from Mrs. Ballard, they were rescinded and destroyed. Devane, the maker of the note, and who is the party against whom decree for payment was rendered, made no defense other than joining in the general demurrer, and he is not appealing here. There is no contention on the part of appellants that the note secured by the mortgage and assigned to appellees was ever paid, in any way, and the legal presumption is, that when the assignment was made the mortgage was a valid lien on the lot of land therein described. At all events appellants can not, in the face of their assignment, deny this fact. It is competent for a married woman to convey, in conjunction with her husband, the property of which she is seized or possessed in fee to secure the payment of her husband's debt. Dzialynski vs. Bank of Jacksonville, 23 Fla., 346, 2 South. Rep., 696. This disposes of the objection that Mrs. Ballard had no interest in the debt of her husband, to secure which the assignment of the note and mortgage was made.

It is further insisted that the decree should be reversed because no notice was given appellants of the proceedings before the special master, and that the final decree was rendered the day that the master's report was filed. The report of the master is dated February 7th, 1889, and it was filed in the proper clerk's office on the 21st day of that month, the time when the final decree was signed and filed. In Adams vs. Fry, 29 Fla., 318, 10 South. Rep., 559, we said in proceedings not under default, "there is no rule of

practice making it compulsory on a chancellor to refer a cause to a master to ascertain the amount of principal and interest due on a note, or what is a reasonable attorney's fee to be allowed in the case. These are matters of mere computation, or of ready ascertainment, that can usually be made and established under the supervision of the chancellor without interfering with his public duties, and in many cases would save to parties the fees incident to a reference. * * * If, however, in a cause not under a default a chancellor, after adjudicating the equities between the parties, refers it to a master for his report on matters specified in the reference, the proceedings before him are regulated and controlled by the rules of practice prescribed in such matters.'' The ascertainment of what was due on the note was simply the work of computation, but appellants clearly had the right to notice and a hearing on the matters referred to the master, and in this case they were deprived of this right. The final decree was based upon the master's report, which was irregular, in that it denied appellants the right to be heard on matters specified in the report. Of this they now complain, and as a result the final decree must be reversed with directions that a reasonable attorney fee be ascertained, and the decree be entered in accordance with the practice of the court. Order will be entered here accordingly.