J. FRANCIS LEBARON, PLAINTIFF IN ERROR, VS. WALTER OVERSTREET, DEFENDANT IN ERROR.

1. The judgment of a referee entered in pursuance of an *ex parte* hearing on the part of the plaintiff, upon a day fixed by the referee for trial of the issues joined, under sub-division 3 of section 1231, Revised Statutes, is erroneous where the defendant had no notice and had not waived notice of the day fixed for trial.

2. A referee's notice of the date fixed by him for the trial, not served until after the hour appointed in the notice for such trial, is insufficient to authorize a judgment entered in pursuance of a hearing begun at the hour named *ex parte*, but adjourned to a subsequent day, where defendant did not appear or otherwise waive notice, and no notice of the adjournment was ever given him.

3. A judgment entered by a referee on an *ex parte* hearing of issues joined, without notice to defendant of the day fixed for trial, should be by him set aside upon proper and seasonable application by such defendant, without requiring him to make a showing of merits in defense.

Writ of Error to the Circuit Court for Duval county.

### STATEMENT.

On September 9, 1886, defendant in error began an action of assumpsit against the plaintiff in error, the declaration containing only common counts. On June 9, 1887, the case was by consent of parties referred to H. H. Buckman, Esq., as referee, and on July 1, 1887, the defendant, by leave of court filed his plea "never was indebted." Sometime in December, 1889, the referee issued a notice to defendant, naming Friday, December 27, 1889, to hear and determine the cause, and requiring defendant to appear at the office of the referee in the city of Jacksonville, at 10 o'clock A. M., in default of which the plaintiff would be entitled to proceed *ex parte*. The report of the referee does not show the date of this notice, nor does it state that the notice was ever returned as served, other than by stating that "it appearing that the defendant has been duly served with notice to appear," under date of December 27, 1889. On this date the hearing was, upon plaintiff's application, adjourned until January 6, 1890, at which time, the defendant not appearing, evidence was introduced on behalf of plaintiff, upon which a judgment for plaintiff was rendered by the referee. On December 7, 1892, the findings and judgment of the referee were filed in the office of the Clerk of the Circuit Court, and notice thereof given the defendant who, within ten days thereafter, filed a motion to set aside the findings and judgment of the referee and grant a new trial, upon the ground, among others, that no notice of the day of trial or adjournment of the cause was ever given to the defendant; and in support of this ground of the motion defendant on December 17, 1892, filed an affidavit by one W. H. Brown, as well as one by himself. Mr. Brown's affi-

davit stated that, according to his best recollection,
the defendant, on December 27, 1889, between 11:30
and 12 o'clock A. M., came to him with a notice that
the cause had been set for trial on that day at 10
o'clock A. M., before H. H. Buckman, Esq., referee,
stating that he had been served with the notice at
11:30 A. M., that day; that Geo. Wheaton Deans,
Esq., his former attorney, was dead, and requesting
the affiant as an attorney at law to look after the mat-
ter and advise him thereabout; that affiant told him
that the notice upon his statement as to the time of
service upon him was not in law a proper one, and that
he (defendant) was not legally bound to respond there-
to, the time set for the hearing having expired an
hour and a half before the notice was served upon him.
In his own affidavit the defendant stated that no no-
tice of trial was served upon him as required by law;
that on December 27, 1889, a notice was served upon
him, while he was on a wharf preparing to go to New
York City, that the cause would be tried that day at
10 o'clock A. M.; that this notice was served upon
him at 11:30 A. M., and his counsel W. H. Brown
advised him that the same was no notice as required
by law; that this was the only notice he had of the
trial of the case. On January 20, 1894, the referee
overruled this motion for a new trial, notified the par-
ties thereof on January 24, 1894, and the judgment
having been duly filed in the Circuit Court, the de-
fendant sued out this writ of error therefrom on Feb-
ruary 17, 1894.

In the finding of the referee on the motion to set
aside the judgment, he states that in his former finding
it is recited that notice was given to the defendant to
appear before him on December 27, 1889, at 10 o'clock

A. M., for a hearing of the cause; that on such latter date his finding recited that defendant was not present, but that it appeared that defendant had been duly served with notice, and that on plaintiff's application the hearing was adjourned until January 6, 1890. He further states in his finding upon defendant's motion that no further notice was given the defendant; that on January 6, 1890, defendant not being present, the cause was heard, and on January 8, 1890, the judgment rendered; that the finding and judgment of the referee, on account of plaintiff's failure to pay costs, remained in the referee's office until December 7, 1892, on which day it was filed in the court below, and notice given to the parties; that within ten days thereafter the defendant presented his motion to set aside the judgment and for a new trial, which was continued by consent of parties at various times given until January 20, 1894, when both parties appeared before the referee for the purpose of disposing of same; that upon the hearing the defendant filed the affidavits of Brown and himself, before referred to, and introduced what purported to be the original and copy of the notice of hearing of December 27, 1889; that these notices are signed in the handwriting of the referee, and no return of service appears thereon; that the notice of the filing of the referee's findings was missing from the files; that if the officer who served defendant with the notice of hearing ever filed same, it was not to be found at the date of the hearing of the motion for new trial; that the only record on the question of notice then before the referee was the statements in the findings of the referee on the original hearing. The referee further states that so much time had elapsed, and so many things intervened, since the

original hearing, that he had no recollection on the subject of notice, except that he refused to proceed with the cause until it was affirmatively shown that the notice of hearing had been served upon the defendant; that he concluded that some return was made showing that defendant had been properly served, from the fact that the referee so states in his findings upon the original hearing. The referee further states that if no service was made upon defendant, he, the defendant, was not free from fault, for, according to the affidavits introduced by defendant, he went to an attorney for advice, and though no judgment was rendered until twelve days afterward, the defendant did not appear before the referee, or make any effort to ascertain what, if anything, had been done in the matter, and in fact for nearly three years afterwards took no interest in the matter until December 17, 1892; that while the mind of the referee was not free from some doubt in the matter, in the absence of any other record upon the subject than that of the findings of the referee, he was forced to conclude that the motion was not well taken.

*M. C. Jordan*, for Plaintiff in Error.

*J. C. Cooper*, for Defendant in Error.

CARTER, J.:

The fifth assignment of error requires us to determine whether the referee erred in overruling defendant's motion to set aside the judgment and for a new trial. It is insisted by defendant in error that there is no statute requiring a referee to notify the parties of the date fixed by him for the hearing of a cause

pending before him. It is true that the statute regu-lating proceedings before referees (secs. 1230 *et seq.* Rev. Stat.) does not in express terms require a notice of this character to be given, but we think it is neces-sarily implied that a party shall have notice of the day fixed for trial by the referee, where he fixes it in the absence of such party, under that provision of sub-section 3 of sec. 1231 Revised Statutes, which reads: "He may fix the day for the trial, and may adjourn the trial for cause shown." In the very nature of things, a party ought not, without express legislative sanction, to be required to attend a referee—who holds no regular stated sittings except in pursuance of his previous appointments—from day to day, for the pur-pose of ascertaining when and where a case referred to him will be heard. A requirement of this charac-ter intrenches too nearly upon that fundamental prin-ciple which forbids condemnation without notice, to be tolerated in judicial proceedings, merely because the statute omits to declare that notice must be given. It may be that the Circuit Court having acquired juris-diction of the subject-matter of this suit and of the person of the defendant by the service upon him of the original summons, and having regularly trans-ferred that jurisdiction to the referee in pursuance of our Constitution and laws, that the referee's judg-ment, though rendered at a hearing had without no-tice to defendant, is not absolutely void. As to that we are not required to express an opinion at this time. We have no doubt, however, that such a proceeding is very irregular, and calculated to deprive the de-fendant of substantial rights, and should, therefore, address itself to a court with peculiar force upon a timely and proper application for relief. In this case

the referee did issue a notice to defendant, and on the day of hearing he found that this notice had been duly served. The defendant complains of this very finding as being without evidence to support it. The referee stated that his mind was not free from doubt upon the subject of notice, and that he denied the motion upon the authority of his former finding that notice had been given. This finding was upon an *ex arte* hearing, and there is no return of any officer, or other proof, showing service of the notice; nor is it anywhere shown that a return of service was ever made. The referee concluded that there must have been some return, from the fact that he had previously found that service had been made, and because he remembered declining to proceed until it was affirmatively shown that notice had been given. It may be that upon a collateral proceeding his finding in this respect would be conclusively presumed to have been based upon sufficient evidence, but that presumption can not, in view of the facts disclosed by this record, prevail in this proceeding, which is an appellate proceeding to review that very decision. A notice purporting to be the original, and a copy thereof, each in the handwriting of the referee were produced by the defendant, and upon neither was there a return of service. Whether this paper, purporting to be the original, was handed to the defendant at the time of the service of the copy, or was taken by defendant from the files of the case papers, the fact remains, that it bore no evidence of having been executed. The referee does not deny that it was the original; nor does he intimate that any notice of the hearing was ever lost from the files. He admits that the record contains no return of service, his findings do not state

when or by whom service was made, and the record before us, though certified to be a true copy of all the proceedings, fails to exhibit any original notice of hearing, or any return of service. Upon this state of facts we think the defendant's sworn version of the service of the notice must prevail, *viz:* that it was served an hour and a half after the hour fixed for the hearing, and it can not be pretended that the notice afforded thereby was reasonable.

It is insisted, however, that the defendant was guilty of laches in failing to respond immediately upon service of the notice, for, by doing so, he could have informed himself that the hearing had been postponed; and that his application to open the judgment was without merit, inasmuch as he failed to state to the court that he had a meritorious defense to offer upon another trial. We think the defendant would have shown more respect to the process of the referee by appearing before him immediately and requesting a postponement of the trial, but he had a legal right to ignore the notice, and suffer whatever consequences might legally flow from his disregard of it. And as the hour named in the notice for defendant's appearance had passed, prior to its service, the defendant had a right to regard the service of a notice *functus officio*, as no notice at all, and to decline to appear in obedience to its supposed command. The notice having been served upon him after the hour fixed for the hearing, he had a right to presume that the officer would so return, and that the plaintiff would not further persist in the hearing in the face of this irregular service. The first notice the defendant is shown to have had that plaintiff persisted in acting upon such irregular service was nearly three years thereaf-

ter, when notified that the referee had filed his findings and judgment, and he thereupon, within the time limited by the statute, moved to set aside the judgment because of the error of the referee in proceeding with an *ex parte* hearing in the absence of notice to him. Under these circumstances we think his application was seasonably made. Fletcher vs. Wells, 6 Taunt. 191, S. C. 1 Marsh. C. P. 550; Dand vs. Barnes, 6 Taunt. 5, S. C. 1 Marsh. C. P. 403. We do not think it was necessary for the defendant to have made a showing of merits in defense, in order to entitle him to set aside the judgment in this case. He had a right to be present at the hearing, even if he intended to offer no testimony whatever, inasmuch as he had filed the general issue, which put the plaintiff to proof of his cause of action. The plaintiff's claim was an unliquidated demand, upon open account, and the defendant had a right to be present and cross-examine the plaintiff and his witnesses upon the items of this account. Even if he did not intend to appear at all, he had a right to insist upon notice of the hearing, unless he waived such notice.

We think the defendant should have had notice of the trial, and that the failure to give it deprived him of a substantial right (Ballard vs. Lippman, 32 Fla. 481, 14 South. Rep. 154); and the judgment is, therefore reversed and a new trial granted.