E. H. Mote and Myron W. Lovell, Loutie H. Mote, Olivia A. Lovell, Edwin S. Newton, as Executor of Estate of William E. Vail, Deceased, Olivia H. Vail, Walter Lovell, Frederick Lovell, Vail Lovell, George Lovell and Carrie Lovell, Appellants, v. Sallie Sims Morton and Her Husband, J. B. Morton, Appellees.

1. It is the right of all parties in interest, in a cause not under default, upon a reference to a master, to have notice of proceedings in the master's office.

2. It is an established rule that a guardian *ad litem* cannot admit or waive anything adverse or prejudicial to the infant, and has no power to bind his ward by the admission or waiver of anything.

3. The formal answer of the guardian *ad litem* should submit the rights of the infant to the determination of the court and leave the complainant to make out the facts of his case by strict proof.

4. Even though the answer of the guardian *ad litem* admits the allegations of the bill of complaint to be true, the proper practice is to refer the cause to a master to take the proof and report thereon, and guardians *ad litem* should in all cases have notice of proceedings in the master's office and should attend and protect the interests of their wards.

5.  When a reference is made by a master to ascertain a fact depending upon testimony, his report should show the basis of his findings so that the court may see the correctness of his conclusions, and the evidence upon examination before a master should be taken down by him or some other person by his authority in his presence, and filed with his report.

6.  Testimony taken before a former master in a cause, at a time when certain minors, subsequently made parties, were not parties thereto, is not admissible as against such newly made minor parties in further proceedings before a second master appointed after such minors were made parties.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Lake County.

The facts in the case are stated in the opinion of the Court.

*William Hocker,* for Appellants;

*R. L. Anderson,* for Appellees.

PARKHILL, J.: This is the second appeal in this case. For a statement of the case upon the former appeal, see 46 Fla. 478, 35 South. Rep. 656.

On 30th day of January, 1901, appellees filed their bill to foreclose two mortgages given as collateral securities to a note made by Edwin H. Mote. One of the mortgages was executed by Olivia A. Lovell and her husband, Myron W. Lovell, and W. E. Vail and his wife, Olivia H. Vail. The other mortgage was executed by W. E. and Olivia H.

Vail. A joint and several answer was filed by E. H. and Loutie H. Mote. A decree *pro confesso* was entered against M. W. and O. A. Lovell, A. H. Vail and E. S. Newton as Executor.

A replication to the answer of E. H. and Loutie H. Mote was filed, and on the 6th day of September, 1901, J. W. Northup, having been appointed special master to take testimony and state an account, filed his report. On the 3rd day of September, 1901, a final decree was entered. The defendants appealed and the cause was reversed by this court on the 1st day of January, 1904, because the heirs or devisees of William E. Vail, deceased, were necessary parties, and in the absence of such parties the decree of foreclosure was erroneous.

On the 13th day of May, 1904, the bill of complaint was amended by leave of the court by joining therein as parties defendant the following named persons, the devisees under the will of the said William E. Vail, to-wit: Walter, Frederick, George, Carrie and Vail Lovell, the children of Myron W. and Olivia Lovell, these children being under the age of twenty-one years.

A subpoena in chancery was duly served upon the infants, and L. W. Duval was appointed as guardian *ad litem* for them. On the 20th day of September, 1904, the guardian *ad litem* filed his answer to the bill of complaint, admitting the allegations therein set forth to be true. On the 27th day of January, 1905, one H. H. Duncan filed a report wherein he recites that he was appointed by order of the court, on the 22nd day of November, 1904, as special master to take an account of the amounts due to the complainants. The order of the court is not set out in the record. Notice having been given the several parties of the application therefor, a final decree was entered on

the 1st day of May, 1905.   After a sale of the mortgaged property and confirmation of the master's sale thereof, and the entry of a deficiency decree, and a motion to set aside and vacate the deficiency decree had been overruled, the defendants entered their appeal from the final decree of May 1st, 1905, and the order confirming the master's sale and from the deficiency decree and the order refusing to set aside the deficiency decree.

1.   It is assigned as error "that the court erred in its final decree of first of May, 1905, wherein it adjudged, among other things, that the report of H. H. Duncan, special master, be confirmed, because there was no notice given by said master of the taking of the testimony." The record does not show that the cause was set down for hearing as provided for in Rules 85 and 86 of the Rules of the Circuit Court in suits in equity, nor does the final decree or anything in the record show that the appellants or their counsel had notice of the taking of testimony in the cause by the master or of any of the proceedings before the master, or of the filing of the master's report in the Clerk's office, although the Clerk was directed by the appellants to copy in the transcript of record all notices of taking of testimony and service of same, if any such notices were given or service made, and although there was on file an answer by Mote and wife to which a replication was filed, and although five of the parties defendant were infants.   These defendants were entitled to notice of the taking the testimony by the master and the record shows they did not have notice thereof.

In Henderson's Chancery Practice, Par. 186, it is said: "In all proceedings where the rights of a party are to be adjudicated upon, it is necessary that the party whose rights are to be affected should have due notice; hence it

is a maxim of the law that 'every man is entitled to his day in court.' This right he is deprived of if proceedings are had affecting his interest without his knowledge or consent. This rule of notice extends to proceedings in the master's office as well as to proceedings in court. A Judge might as well proceed to enter judgment in a cause where there has been no service, as for a master to proceed to pass upon the rights and interests of a party without due notice to him. It is, therefore, the right of all parties in interest, upon a reference to a master, to have notice of proceedings in the master's office. In the case of a reference to a master in a bill for accounting, notice of hearing before the master is absolutely necessary." The same author says, on page 267, that not only is it the duty of the master to see that all parties entitled to notice are duly summoned and to preserve the notices with proof of service, but his report itself should show this fact. See, also, Wade on the Law of Notice, Par. 1204. And so this court in Ballard v. Lippman, 32 Fla. 481, 14 South. Rep. 154, said: "Appellants clearly had the right to notice and a hearing on the matters referred to the master, and in this case, they were deprived of this right. The final decree was based upon the master's report, which was irregular, in that it denied appellants the right to be heard on matters specified in the report. Of this they now complain, and as a result the final decree must be reversed."

In this connection we call attention to what was said by this court in the case of Cepero v. Hartridge, decided at the last term of this court, upon the subject of notice of proceedings in the master's office.

The answer of the defendants Mote was not excepted to, but a replication was filed thereto. It is true that the

answer of the guardian *ad litem* admits the allegation of
the bill of complaint to be true, but this makes no differ-
ence. The proper practice is to refer the cause to a mas-
ter to take the proof and report thereon, and guardians
*ad litem* should in all cases have notice of proceedings
in the master's office and should attend and protect the
interests of their wards. Henderson's Ch. Prac. pp. 172,
173 and 197.

It is an established rule that a guardian *ad litem* cannot
admit or waive anything adverse or prejudicial to the
infant, and has no power to bind his ward by the admis-
sion or waiver of anything. 10 Am. & Eng. Ency. Pl. & Pr.,
p. 675. Infant defendants are entitled to the special pro-
tection of a court of chancery and the formal answer
of the guardian *ad litem* should submit his rights to the
determination of the court and leave the complainant to
make out the facts of his case by strict proof. Lucas
v. Wade, 43 Fla. 419, 31 South. Rep. 231; Walker v.
Redding, 40 Fla. 124, 23 South. Rep. 565; Walcott v.
Weaver, 3 How. Prac. (N. Y.) 159.

As was said by this court in Parken v. Safford, 48 Fla.
290, 37 South. Rep. 567: "It is a general rule that an
infant should not be prejudiced by any act, default or
admission on the part of his guardian *ad litem*—an infant
being the ward of the court—and therefore the court is
bound to protect the rights of the infant; notwithstanding
the failure of thee guardian *ad litem* to do so." Certainly
then, the failure of the master to give notice of the pro-
ceedings before him could not be waived or cured so far
as the infant defendants are concerned, by the fact that
the guardian *ad litem* had notice of the application for
the final decree, and did not appear to resist the same.
In this state of the pleadings, then, this cause should have

been conducted in the orderly way provided by law and the rules of practice. Laflin v. Gato, 52 Fla. 529, 39 South. Rep. 59.

11.   It is assigned as error "that the court erred in its final decree because it adjudged, among other things, that the report of H. H. Duncan, special master, be confirmed because there was no proper testimony before said special master taken by him upon which to base said report."

Duncan, the special master, reported as follows: "I find in the records eleven sworn accounts paid by J. B. Morton to R. E. Dilday, *reported by J. W. Northup,* special master, on August 1st, 1901, to amount to $296.23.   I find from the records from said same report of J. W. Northup the court has approved as a reasonable attorney's fee therein the sum of $310.00." The report also states that, from vouchers marked and filed as Exhibit 12 to 41, sworn to by J. B. Morton, said Morton has paid out for improvement and cultivation of the orange grove located on lands de-- scribed in complainant's bill and paid out for taxes since the report of J. W. Northup the sum of $911.25, and certain amounts aggregating the sum of $290.70 to be credited to the defendants.   The master Duncan does not report any testimony as taken before him to establish these facts, nor do his findings on these points purport to be based upon any testimony taken before him.

Accompanying the report is a list of exhibits, beginning with Exhibit No. 12....................$ 56.18
Exhibit No. 13, account of Dilday................  30.35
And concluding with Exhibit No. 41, personal expenses of J. B. Morton.......................  32.00

This statement, however, does not appear from the record to have been sworn to.

It was improper for Duncan to base his findings upon the report and findings of the former master, Northup. The infants were not parties to the cause when testimony was taken and report was made by Northup, and the infants had a right to appear by their guardian *ad litem* upon the taking of testimony before Duncan and to cross-examine the witnesses. The testimony taken before the former master Northup was as to these minors taken in a cause to which they were not at the time parties, and consequently, was as to them wholly *ex parte* and inadmissible.

In Adams v. Fry, 29 Fla. 318, text 330, 10 South. Rep. 559, we said: "The rule requires that the evidence upon all examinations before a master shall be taken down by him or some other person by his authority, in his presence, and filed with his report. * * * When a reference is made by a master to ascertain a fact depending upon testimony, his report should show the basis of his finding, so that the court may see the correctness of his conclusions."

The report of Duncan did not furnish a basis for a final decree as to the items herein mentioned, as it did not appear that the amounts reported were ascertained from evidence.

In view of the general reversal of the decree we deem it unnecessary to say anything in reference to the other assignments of error.

For the reasons stated, the decree must be reversed, and the cause remanded, with directions to the court to take

such further proceedings as may be agreeable to the rules and practice of the court and in accordance with this opinion.

SHACKLEFORD, C. J., TAYLOR, COCKRELL and WHITFIELD, JJ., concur;

HOCKER, J., disqualified.