W. E. PARRISH, BY J. T. RICHARDS AS HIS NEXT FRIEND, AND H. E. CALKER, *Appellants,* v. ETHAN S. HAAS AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF A. Z. HAAS, DECEASED, *Appellee.*

## Opinion Filed March 2, 1915.

1. Where it appears in a suit to enforce the lien of a mortgage that the interests of a minor are involved, the court should protect the interests of such minor whether his claim or defense be properly pleaded or not, and for this purpose the court should look to the record in all its parts and of its own motion give to such minor the benefit of all objections and exceptions that may appear, or require the representative of such minor to make such exceptions or file such pleadings as may be necessary to fully protect such rights and interests as the minor may appear to have.

2. Where it is made to appear to the court, although informally, that one of the parties defendant in a cause pending in court is a minor, the court should appoint a guardian *ad litem* of such minor and direct him to file such pleadings as may be necessary to protect and guard such minor's interests in the suit.

Appeal from Circuit Court for Manatee County; F. A. Whitney, Judge.

Decree reversed.

*W. B. Shelby Crichlow,* for Appellants;

*C. T. Curry,* for Appellee.

ELLIS, J.—Ethan S. Haas as executor of the last will and testament of A. Z. Haas, deceased, brought his bill in the Circuit Court for Manatee County against W. E. Parrish and H. E. Chalker to enforce the lien of a chattel mortgage executed by the defendants in favor of A. Z. Haas to secure a note made by the defendants payable to the order of the said A. Z. Haas for five hundred dollars. The property mortgaged was "all of the equipment and stock of the said W. E. Parrish and H. E. Chalker in their garage known as the Parrish and Chalker Garage, situated on Main Street in the town of Palmetto, County of Manatee and State of Florida." The bill alleges that subsequently to the execution of the note and mortgage A. Z. Haas died, leaving a will in which Ethan S. Haas was appointed executor, and that at the time of the death of Ethan S. Haas he was the owner of the note and mortgage. Subpoena was issued and served upon both defendants. On the 3rd day of August, 1914, which was the rule day next succeeding that fixed for the appearance of the defendants, the defendant W. E. Parrish filed what the record refers to as his plea. The document was as follows:

"IN THE CIRCUIT COURT, MANATEE COUNTY, FLORIDA.

## IN CHANCERY.

Ethan S. Haas as executor of the Last Will and Testament of A. Z. Haas, Deceased, Complainant,

-vs-

W. E. Parrish and H. E. Chalker, Defendants.

FORECLOSURE OF MORTGAGE.

PLEA OF W. E. PARRISH, Defendant, to the Bill of Complaint of Ethan S. Haas, etc.

This defendant by protestation, not confessing or acknowledging all or any of the matters and things in the complainant's said bill mentioned, to be true in such manner and form as the same are therein and thereby set forth and alleged, doth plead thereunto and for plea says: That at the time of the commencement of this action the said defendant, W. E. Parrish, was and now is a minor, being under the age of 21 years, and is incapable of suing or being sued; all of which matters and things this defendant avers to be true, and pleads the same to the whole of said bill, and demands judgment of this Honorable Court whether he ought to be compelled to make any answer to the said bill of complaint; and prays to be hence dismissed with his reasonable costs in this behalf most wrongfully sustained.

W. E. Parrish,<br>Defendant.

W. B. Shelby Crichlow,
Attorney for W. E. Parrish, Defendant.

To which said plea the following affidavit was attached:

STATE OF FLORIDA
COUNTY OF MANATEE:

Before me a Notary Public personally came W. E. Parrish, who being duly sworn says, that the matters and facts set forth in the above and foregoing plea are true to the best of his information and belief, and that deponent is 19 *years and 3 months* years of age.

W. E. Parrish.

Sworn to and subscribed before me this 3rd day of August, 1914.

Emma K. Moor,<br>Notary Publi.c.

(OFFICIAL SEAL)
　　Filed 3rd day of Aug., 1914.
　　　　Robt. H. Roesch, Clerk.
　　　　　　By Jas. A. Herrin,
　　　　　　　　Deputy Clerk."

On the same day the complainant caused to be entered a decree *pro confesso* in the Chancery Order Book against the defendants for failure to plead, answer or demur to the bill of complaint.

Upon the application of the complainant a special master in chancery was appointed to take the testimony in said cause and report the same to the court as soon as may be together with his findings and conclusions.

A final decree was entered on the 22nd day of September, 1914, adjudging the amount due on this note and mortgage for principal, interest, expenses and attorneys

fees from the defendants to the complainant, ordering the defendants or some of them to pay to the complainant the amount so found to be due within five days from the date of the decree, and in default that the mortgaged property be sold, appointing a Special Master to make the sale and report the same to the court for confirmation.

The defendant W. E. Parish moved the court to vacate the Final Decree in so far as it effects the person and property of the defendant W. E. Parrish, upon the ground that W. E. Parrish was an infant under twenty-one years of age, that no guardian *ad litem* had been appointed to represent the interests of the minor, that no notice was given to the defendant of the taking of testimony, that no guardian *ad litem* for the defendant was "served" or answered in the cause. The motion was over-ruled. An appeal to this court was taken from the final decree by H. E. Chalker and by W. E. Parrish by his next friend J. T. Richards.

In the case of Walker v. Redding, 40 Fla. 124, 23 South. Rep. 565, this court said: "It is the duty of a court of equity to see that the interests of minors are protected in suits before it, whether the claim or defense be properly pleaded or not, and for this purpose the Chancellor should look to the record in all its parts and of his own motion give to the minors the benefit of all objections and exceptions appearing thereon as if specially pleaded, or require the representative of such minor to take such exception or file such pleading as may be necessary to fully secure and protect such rights and interests as the minors appear by the record to have." See Mote v. Morton, 52 Fla. 548, 41 South. Rep. 607; Lucas v. Wade, 43 Fla. 419,

31 South. Rep. 231; Parken v. Safford, 48 Fla. 290, 37 South. Rep. 567. In the latter case the court said that the same rule obtains on appeal although no objection or exceptions are taken, and even though there is no appeal on the part of the infant.

It was made apparent to the court by the document called a plea that W. E. Parrish was an infant. It thereupon became the duty of the court to see that the interests of the minor were protected in the suit before it. The court should not have disregarded the "so-called" plea of the infant, but should have appointed a guardian *ad litem* and directed him to file such pleading as was necessary.

The decree is reversed so far as it applies to W. E. Parrish, with directions to set aside the order *pro confesso* taken against him.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND WHITFIELD, JJ., concur.