J. J. BROPHY, *Appellant*, v. W. M. WARD, *Appellee*.

Opinion Filed March 7, 1917.

Where the findings of a Master are challenged on the ground that notice of the hearing was not given, and it appears that under the circumstances of the case due and reasonable notice was not given, the decree rendered on the Master's finding will be reversed.

Appeal from Circuit Court for Orange County; Jas. W. Perkins, Judge.

Decree Reversed.

*Crawford & Jarrell,* for Appellant.

*Jones & Jones,* for Appellee.

PER CURIAM.—Ward brought suit on November 10th, 1911, to enforce an alleged lien upon land and for other relief. A decree *pro confesso* entered January 6, 1913, was vacated March 22, 1913, and the defendant Brophy answered. An order dated October 8, 1914, enlarging the time for taking testimony before a Master was filed December 17, 1914. On December 31, 1914, the Master filed his report in which he states that notice was given of the hearing. On March 5, 1915, the defendant Brophy filed exceptions to the Master's report, one exception being "that the said master gave no notice of the hearing to the defendant J. J. Brophy." On March 5, 1915, the defendant filed a motion for rehearing, one ground being "that said defendant J. J. Brophy was not served with notice of the hearing before the Special Master as alleged in exceptions to said report filed this day." Brophy

presented to the chancellor an affidavit "that he has been in the City of Pittsburg, Pennsylvania, continuously for more than a year last past; that he has never been served with any notice by mail or otherwise of any hearing of any kind to take testimony before a Master, Special Master, or otherwise, in the above entitled action; that he had no knowledge of the appointment of a Master to take testimony until after said Master had filed his report with this court; that he has a full, complete and adequate defense as to the claims of the plaintiff in this proceeding."

The master presented the following affidavit:

"Personally appeared William Martin, who being duly sworn says that he is a Regular Master of the Seventh Judicial Circuit of Florida, and that as Master he took testimony in the above stated cause, between December 17th and 31st, 1914. That prior to taking testimony he gave notice to the parties by mailing notices of the time of taking testimony, addressed to J. J. Brophy, Pittsburg, Pennsylvania, and F. G. Hunt, Greenhill, Pennsylvania, more than five days before date set for taking testimony.

"That on December 31, 1914, he filed the Master's report in the Clerk's office of the Circuit Court in and for Orange County, and gave notice of the filing of the said report to the said defendants J. J. Brophy, Oliver Building, Pittsburg, Pennsylvania, and F. G. Hunt, Greenhill, Pennsylvania.

"That these notices were plainly written, enclosed in envelopes, plainly addressed as above stated, postage fully prepaid and mailed through the United States Post Office."

On February 4, 1915, the following order was made:

"This cause coming on to be heard upon motion to hear the Exceptions taken to the report of the Master

to whom the above cause was referred, and it appearing to the court that the Master's Report was filed on December 31st, 1914, and from the affidavit of the Master filed in this cause, that notice was given of the filing of the same to the several defendants above named, and it further appearing that no exception to the Master's report was filed until the 5th day of March, 1915, no application having been made to the Court for enlargement of time for filing Exceptions, the Report having become confirmed by lapse of time, the motion to hear Exceptions is denied, to which Defendant J. J. Brophy excepts." Final decree for the complaint was rendered and the defendant Brophy appealed.

Under the circumstances the showing as to notice of the hearing is insufficient and the lapse of time between the filing of the Master's report and the filing of exceptions thereto cannot supply a fatal want of notice. See Mote v. Morton, 52 Fla. 548, 41 South. Rep. 607; Ballard v. Lippman 32 Fla. 481, 14 South. Rep. 154; Brokaw v. McDougall, 20 Fla. 212; Equity Rule 77.

The decree is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.