MARY HODGES, ET AL., APPELLANTS, VS. MILES PRICE, APPELLEE.

1. The promissory note of a married woman is void. Such note is not effective to bind her person either at law or in equity; neither the Constitution nor the statutes give her to this extent the power of a *feme sole*.

2. Where a mortgage was executed by a married woman and her husband upon her separate property, to secure the payment of a simple promissory note made by her, the bill for the foreclosure of the mortgage not alleging that the amount so secured was the purchase money promised to be paid by her for the said mortgaged property, or in any other way showing by his pleading that her separate property should be subject to the payment of the amount claimed : *Held*, that the complainant could not thus charge such separate property of the wife for the amount due upon such note and so secured by mortgage.

Appeal from the Circuit Court for Duval county. The facts of the case are stated in the opinion.

*Meek & Deans* for Appellants.

*S. Forbes Doggett* for Appellee.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

In July, 1879, Miles Price filed his bill against Mary Hodges and John Hodges, her husband, to foreclose a certain mortgage given by them to the complainant, such mortgage covering a lot of land in Brooklyn, in the county of Duval. The bill charges that on the thirteenth day of May, A. D. 1876, the said Mary Hodges made her certain note for sixty-six dollars and twenty cents, payable twelve months after date with interest at the rate of twelve per cent. per annum, for value received, and delivered the same to the complainant. That to secure the payment of the

said note, Mary Hodges and John Hodges, her husband, executed and delivered the said mortgage to the complainant.

To this bill the defendants pleaded that the defendant, Mary Hodges, "before and at the time it is claimed she executed the promissory note in the complainant's bill set forth, and now is under coverture of said John Hodges, her husband." This plea, upon motion of the complainant's solicitor, was overruled, defendants having leave to answer. Exception was taken to this ruling of the court.

The defendants subsequently answered, the cause came on to a hearing before a master, and such proceedings were had that a decree was made on the thirtieth day of July, 1880, ordering a sale of the said mortgaged premises to satisfy the debt. From this final decree this appeal is brought. The testimony shows that on the same day that the note made by Mary Hodges was given to complainant, and on the same day that the mortgage to secure the payment thereof was executed, the complainant and wife executed to Mary Hodges a deed of the mortgaged premises; that the land belonged to her.

There are no allegations in the bill of complaint that the note was given by Mary Hodges for the purchase money of the land, nor is there any allusion to that fact in the note, nor is there any attempt in the bill or otherwise to charge the " separate estate " or " statutory separate property " of the married woman, nor is there any contract upon her part to charge such separate estate or property, except that she has united with her husband in the execution of the mortgage.

The defendants in their answer after the plea was overruled deny that they or either of them were indebted to the complainant at the time of the making of the note and mortgage in any sum whatever. They allege that they are

ignorant of ever having executed the note or mortgage; that they never executed the note or mortgage with a knowledge that they were thereby admitting an indebtedness to the complainant; that the defendant, Mary, had bought the property of complainant and had fully paid for it; that defendants are old and ignorant, can neither read nor write; that no note or mortgage was read or explained to them, and that they had no knowledge that they, or either of them, had signed any obligation whatever running in favor of the complainant.

Several errors are assigned by the appellants, generally arising upon the evidence and hearing of the cause, one of which only will it be necessary to consider, to-wit: That at the time of the making and execution of the promissory note and the mortgage, the defendant, Mary Hodges, was a married woman under coverture of John Hodges, as appears by the bill of complaint, and that therefore her note is void, and that the mortgage given to secure the note is also void.

This subject of the liabllity of a married woman upon her promissory note was very fully discussed by this court in the case of Dollner, Potter & Co. vs. Snow, *et als.*, 16 Fla., 86. In that case the plaintiffs endeavored to recover of the defendants, Frances Snow and Jennie P. Spear, upon upon a promissory note for seven hundred dollars made and delivered to Walter Ginnity. The makers of the note were both married women. The complaint alleges that the consideration for which the note was given was property purchased and held by the married women as their " separate estate." This court there say : " The conclusion we reach upon principle and authority is, that the wife's promissory note is not effective to bind her person either at law or in equity, and that neither the Constitution nor the statute give her to this extent the power of a *feme sole.*" No ques-

tion arises here as to whether her separate property could be charged with the amount of such note as being given for the purchase money. The note does not show it, and there is no allegation of that fact in the bill of complaint.

In the case of the American Insurance Co. vs. Avery and Wife, 60 Ind., 566, the court say: " It is the settled law of this State that a married woman, during her coverture, cannot make a promissory note which will be valid and binding on her."

In addition to the cases cited upon this point in Dollner, Potter & Co. vs. Snow, et als., see Thomson vs. Weller, 85 Illinois, 197; Yale vs. Dederer, 22 N. Y., 450, and 68 N. Y., 329; Wilson & Hunting vs. Jones, 46 Md., 349; Huntley vs. Whitner, 77 N. C., 392.

Inasmuch as the bill of complaint in this cause shows that it is simply an effort to foreclose a mortgage given to secure the payment of a promissory note made by a married woman, the decree of foreclosure must be reversed and the cause remanded, with instructions that the bill be dismissed without prejudice to the complainant, by proper proceedings to recover the purchase money, if any there be due, for the mortgaged premises.