AARON BLUTHENTHAL AND MONROE L. BICKART, COPARTNERS AS BLUTHENTHAL & BICKART, APPELLANTS, v. M. C. JONES, APPELLEE.

Jones filed a voluntary proceeding in bankruptcy in the United States Court in Georgia in the year 1900. B. & B. were then creditors of Jones and filed their claim and resisted his application for a discharge from his debts, which resistence was successful, and the court made an order refusing his discharge. Jones having subsequently moved to Florida, in the year 1903 filed an application in bankruptcy in the United States Court in Florida. B. & B. were notified of this proceeding but did not appear therein or raise the question of *res adjudicata* as to their claim

against Jones. The United States Court in Florida made a general order discharging Jones from all his debts. Afterwards B. & B. undertook to enforce their debt against Jones in the State court, and Jones pleaded his discharge.

*Held,* That the State court will give full effect to the discharge granted Jones and apply it to the debt due from him to B. & B. as it does not appear that the debt due B. & B. comes within any of the exceptions of section 17 of the Bankruptcy Act approved July 1st, 1898.

This case was decided by Division B.

Appeal from the Circuit Court for Polk County.

### STATEMENT.

On the 19th of June, 1905, the appellee as complainant filed his bill in the Circuit Court of Polk county against the appellants Bluthenthal & Bickart, alleging therein that on the 7th of August, 1900, the apellants recovered a judgment against him in the said court for $731.28 and $6.53 costs, and had an execution thereon issued and placed in the hands of the sheriff of said county; that said judgment was rendered upon an open account for goods, wares and merchandise sold and delivered to him by the said firm of Bluthenthal & Bickart; that on the 3rd of August, 1903, complainant filed in the District Court of the United States for the Southern District of Florida, Middle Division, his petition in bankruptcy, and that among the claims or creditors of complainant scheduled and attached to this petition in bankruptcy, was the said judgment of appellants, and that they received due notice of the filing of said petition; that after due notice to the creditors of complainant including Bluthenthal & Bickart, said petition came on to be heard, and on the

27 S. C.

day of         , 1903, the complainant was adjudged a bankrupt under the acts of Congress relating to bankruptcy, and within the time required by law he filed his application for final discharge, notice being given to the creditors, including appellants, and on the 7th of November, 1903, complainant was discharged from all debts and claims, including that of appellants, which existed on the 3rd of August, 1903, excepting such debts as were by law excepted from the operation of a discharge in bankruptcy, as will more fully appear by a copy of the order attached to the bill, and that the claim of Bluthenthal & Bickart was a provable debt against appellants' estate and did not come under any of the exceptions of the law relating to bankruptcy. The bill alleges that since the 7th of November, 1903, the date of his discharge, complainant has acquired title to certain real estate, describing it, and that appellants have caused an alias execution to be issued upon their judgment, and the sheriff levied the same on the described lands on the 19th of May, 1905, as the property of complainant, and that said lands are now being advertised for sale under said execution, to be sold on the first Monday in July, 1905, for the alleged purpose of satisfying said execution and costs. The bill alleges that said lands are not subject to levy and sale under said execution by reason of complainant's discharge, and that if Bluthenthal & Bickart are permitted to continue said proceeding and sell said lands under said execution, a cloud will be cast on the title, and complainant will be put to annoyance and expense in having same removed. The bill alleges that complainant is without remedy save in equity, and prays an injunction against said sale and general relief. The copy of the order of discharge in bankruptcy is as follows:

"The United States of America.

In the District Court of the United States, for the Southern District of Florida, Middle Division.

In the matter of Miles C. Jones, Bankrupt. No. 223. In bankruptcy, Southern District of Florida. S. S.

Whereas, Miles C. Jones of Polk, in said district, has been duly adjudged a bankrupt under the Acts of Congress relating to bankruptcy, and appear to have conformed to all the requirements of law in that behalf; it is therefore ordered by this court that said Miles C. Jones be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the third day of August, A. D. 1903, on which day the petition for adjudication was filed by him; excepting such debts as are by law excepted from the operation of a discharge in bankruptcy.

Witness the Honorable James W. Locke, Judge of said District Court, and the seal thereof, this seventh day of November, A. D. 1903.

(Seal of Court.)          Eugene O. Locke, Clerk."

The defendants below, appellants here, answered the bill. They admit the bankruptcy proceedings and discharge of complainant as alleged in the bill, that whether or not their judgment was scheduled in said proceedings, they only know as alleged in the bill, as they had nothing to do with the said proceedings as to scheduling said debt or judgment; that they did not participate in any way in said proceedings or prove their judgment, or ask any benefit of said proceedings. They admit notice of his application for a discharge. They deny that their debt or judgment was in any way affected or discharged by reason of the discharge of complainant which he obtained in Florida. They admit that complainant ostensibly acquired for a nominal consideration the lands as described by quit-

claim deed shortly after his discharge, as shown by the records of Polk county. They admit that they levied on them as alleged. The answer then alleges that in the year 1900 complainant was a resident of Georgia, and there began bankruptcy proceedings in said State in the District Court of the United States for the Southern District of Georgia, and that they participated in said proceedings, being then creditors upon the same cause of action upon which they obtained their judgment against complainant in Florida, as alleged in the bill; that when complainant applied for a discharge in the proceedings in Georgia, they resisted it, and the court refused, and the order refusing it is attached to the answer, and made a part of it. The answer then alleges that as they did not participate in the subsequent bankruptcy proceedings in Florida that their debt or judgment against the complainant was in no manner affected by the discharge in bankruptcy obtained in Florida, and that the lands levied on are subject to their execution.

The order refusing the discharge in the United States Court in Georgia, is as follows:

"In the District Court of the United States for the Western Division of the Southern District of Georgia.

In Re M. C. Jones, bankrupt. In Bankruptcy. Objections to discharge.

Upon considering the objections to the discharge of the bankrupt filed in the above matter by Bluthenthal & Bickart, and the evidence in support thereof, it is ordered that said objections be sustained and said application for discharge be denied and refused. This December 3rd, 1900.                    Emory Speer, Judge."

The foregoing contains the substance of the bill and answer.

The cause was set down for hearing and heard on bill and answer, no replication having been filed. The chancellor decreed that the lands of complainant were not subject to levy and sale under the judgment and execution of the defendants, and enjoined them from selling or attempting to sell thereunder. From this decree the defendants appealed to this court.

*H. K. Olliphant,* for Appellants.

*Wilson & Boswell,* for Appellee.

HOCKER, J., *(after stating the facts.)* The only question here is one of law. The contention of the appellants Bluthenthal & Bickart is that because they participated in the bankruptcy proceeding in the United States Court in Georgia, in the year 1900, and proved their account against Jones in that proceeding, and resisted his discharge there, that the order of the United States District Judge refusing to grant him a discharge rendered their claim *"res adjudicata,"* and that as they did not participate in the bankruptcy proceeding in the United States District Court of Florida in 1903, the order of the District Judge in the last proceeding, discharging Jones from his debts, did not apply to their claim or judgment. We have examined all the decisions referred to in the able briefs of the respective parties, but no one of these authorities presents facts which are analogous to the one at bar. Neither have we been able to find an analogous case in our library. The case of Re Drisko, 2 Lowell 430, cited by appellants, turned largely upon the construction of the bankruptcy law in force in the year 1875, and there too the question of the effect of a previous refusal to discharge the bankrupt was raised in the second proceeding

by a creditor, and in that second proceeding the. effect of the former action was adjudicated.

In the case of Kuntz v. Young, 131 Fed. Rep. 719, it was held that "a failure of the bankrupt to apply in due time for, or a refusal by the court to grant, a discharge from debts provable in proceedings under one petition in bankruptcy, renders the question of the right of the bankrupt to a discharge from those debts in a proceeding under a subsequent petition res adjudicata." But in this case both petitions were filed in the same District Court and the question of the right to a discharge seems to have been raised by the report of the Trustee showing all the facts. The District Court itself passed on the question of the effect of the second petition, and dismissed it.

In the case of In re Fiegenbaum, 121 Fed. Rep. 69, the question of the bankrupt's right to a discharge under a second petition, he having been denied a discharge in the first, was also raised in and determined by the court in which the second petition was pending.

In the case In re Hermann, 102 Fed. Rep. 753, the question presented was whether one who had been refused a discharge under the bankruptcy law of 1867, was debarred by the bankruptcy law of 1898, from obtaining a discharge under the last act, embracing debts proven against him under the first. The court held he was not barred. In this case also, the question of the effect of the discharge was raised by creditors in the United States District Court which was asked to grant the discharge. The Massachusetts cases turn somewhat on the insolvency laws of Massachusetts, and we think it unnecessary to review them at length.

It appears from all the decisions we have seen that the question here raised is one of res adjudicata; that is to say, whether when a debt was proved under the first

Bluthenthal and Bickart v. Jones—Opinion of Court.

bankruptcy proceeding, and a discharge refused in that proceeding, the right to a discharge from this debt was thereby settled and adjudicated, and could not be affected by the second proceeding.  We are of opinion that such a question was one which the creditor himself should have raised in the second proceeding in bankruptcy in the United States District Court, and that court then having jurisdiction of the whole matter should have been requested to adjudicate the effect of the proceeding and of the general discharge which it granted.  It will be observed that the record does not show why the discharge was refused in the first proceeding, nor does it show that the debt in this case comes within any of the exceptions of section 17 of the Bankrupt Act approved July 1st, 1898; nor is it contended here that it does.  Bluthenthal & Bickart were notified of the last proceeding in bankruptcy, refused to participate in any way in it, and to raise the question of res adjudicata in the said proceeding.  It is true that a discharge in bankruptcy is general in its terms, and its effect is generally left to be determined by the court where it is pleaded.  But we do not think that in a case like the one at bar it would be prudent or proper for this court to do more, in giving effect to a discharge, than to determine whether the debt was embraced in the exceptions of the statute, leaving all other questions to be determined by the Federal courts, where they properly belong.

The decree appealed from is affirmed at the cost of appellants.

TAYLOR and PARKHILL, JJ., concur.

COCKRELL and WHITFIELD, JJ., concur in the opinion.

SHACKLEFORD, C. J. disqualified.