VOL. 58, JUNE TERM, 1909. 377

Va.-Car. Chem. Co. v. Fisher *et al.*—Syllabus.

THE VIRGINIA-CAROLINA CHEMICAL COMPANY, A CORPORA-
TION UNDER THE LAWS OF NEW JERSEY, *Plaintiff in
Error,* v. F. A. FISHER, M. E. EDWARDS, D. R. EDWARDS
AND G. W. BROWN, PARTNERS, TRADING IN BRADFORD
COUNTY, FLORIDA, UNDER THE FIRM NAME OF F. A.
FISHER COMPANY, *Defendants in Error.*

1. Where parties are sued upon notes alleged to have been exe-
cuted by them as a partnership under such conditions as im-
port a joint liability, pleas which simply deny that the notes
were executed by them as a partnership and which do not
deny a joint liability, present no defense to the declaration.

2. Parties may be stockholders in a corporation and yet may
so deal with others as to be liable as partners.

3. The fact that a corporation of which the defendants are stock-
holders has been adjudged a bankrupt, does not relieve those
stockholders of debts contracted by them as partners.

4. In a plea of res adjudicata there must be, first, identity in the
thing sued for; second, identity of the cause of action; third,
identity of person and parties to the action; and, fourth,
identity of the quality in the persons for or against whom the
claim is made.

5. A married woman's notes under the constitution and laws of
Florida are void, and affords no basis for a common law suit.

6. A married woman under the constitution and laws of Florida
cannot be a member of a partnership, so as to make herself
liable personally for its debts, and a contract by her is incapa-
ble of ratification after the death of her husband.

This case was decided by Division B.

Writ of Error to the Circuit Court for Bradford
County.

STATEMENT.

On the 3rd of November, 1906, the plaintiff in error brought a suit at law in the Circuit Court of Bradford County against the defendants in error, the declaration containing three special counts on three several promissory notes, each of them dated Lawtey, Fla., April 24, 1905, the first for $1397.10, and the other two for $1397.00 each. The first became due November 1st, 1905, the second November 15th, 1905, the third December 1st, 1905. In other respects they were alike. The first of these notes is in the following words and figures:

"$1397.10.                    Lawtey, Fla., Apr. 24th, 1905.

November first, 1905, next, after date, we promise to pay to Virginia-Carolina Chemical Company, or order, without offset, Thirteen Hundred ninety seven 10--100 Dollars. For value received, payable at V. C. Co.'s Office, Savannah, Ga., with interest from maturity at the rate of eight per cent. Per annum, with all costs of collection, including ten per cent. attorney's fees, if collected by law or through an attorney.

And each of us, whether maker, security or endorser on this Note, hereby waives and renounce for himself and family, any and all homestead and exemption rights, to which he or they may, in any event, be entitled under any provisions of the Constitution or Laws, State or Federal, as against this Note or any renewal thereof.
No. 7219.
Due 11--1--1905.                          F. A. Fisher Co."

The declaration also contains a common count for the price of goods, &c. in the sum of $1208.05, one for money

lent, &c. in the same sum, and one for money found to be due on an account stated in the same sum.

The defendants filed the following pleas:

"1.   Now comes the defendants F. A. Fisher, M. E. Edwards, D. R. Edwards and G. W. Brown, by A. V. Long and John E. Hartridge & Son, their attorneys, each for himself and collectively, and for plea to the declaration herein and each of the several counts thereof, say that they never were at any time and are not now partners under the name of the F. A. Fisher Company, or any other name.   (This plea was confined by the court to the special counts).

3.   And for a third plea to the declaration the defendants severally and collectively and each for himself, say that they did not execute said promissory note, dated April 24th, 1905, for $1397.10, payable on November 1st, 1905, with interest from maturity at 8 % per annum, as a copartnership as set forth in plaintiff's declaration."

Similar pleas, 4th and 5th, were filed to each of the other special counts.

A seventh plea was filed by M. E. Edwards "that before and at the time the said claims as set forth in the declaration, accrued, she was a married woman."

The second and sixth pleas were stricken out on motion.

The plaintiff demurred to the 3rd, 4th and 5th pleas on the grounds substantially:

1.   Neither of said pleas presents an issuable fact which could be met by replication, or upon which issue could be joined.

2.   Neither of said pleas denies the execution of either of said promissory notes.

3.   Neither of said pleas denies the drawing or making

of said notes, or either of them as required by Rule 64 of the Rules of Circuit Court in Common Law Actions.

4.   Neither of said pleas presents a legal defense.

This demurrer was overruled.   After this the defendant by leave of court filed six amended pleas.   The *first* was limited by the court to the special counts, and so far as we can see is in effect a practical duplicate of the first plea.   A demurrer to this plea was overruled.

The second amended plea was stricken on motion.

The third plea was "never indebted" as to the fifth and sixth counts.

The fourth plea was as follows: "And for a fourth plea to the first, second and third counts of the declaration herein the defendants severally and collectively and each for himself and herself say that they did not execute the promissory note set forth in the first, second and third counts of the declaration, as a copartnership."

This plea seems to us to be in effect substantially the same as the original 3rd, 4th and 5th pleas.   A demurrer to the 4th plea was overruled.

The fifth plea was as follows: "And for a fifth plea to the declaration and each of the several counts thereof, the defendants severally and collectively, and each for himself and herself say that they were stockholders in a corporation duly created under the name of the F. A. Fisher Company, under the laws of the State of Delaware, and that before the commencement of this action the said F. A. Fisher Company was duly adjudged a bankrupt in the United States District Court for the Southern District of Florida, a court having jurisdiction of the subject matter, to-wit, of bankruptcy proceedings, and that the said F. A. Fisher Company, so adjudged a bankrupt as a corporation is the same company sued herein as a copartnership.   And the said F. A. Fisher Company was on March 8th, 1906, by order of James W. Locke, Judge

of the District Court of the United States for the Southern District of Florida, duly discharged from all debts and claims provable by Act of Congress against it and the notes and debts, the subject matter of this suit were provable claims under said Act of Congress." A motion to strike this plea was denied.

The sixth amended plea was as follows: "And for a sixth and further plea in this behalf for M. E. Edwards the said defendant M. E. Edwards says that before and at the time the said notes in the first, second and third counts were executed, and before and at the time the indebtedness secured as represented by the fifth and sixth counts of the plaintiffs' declaration, she was a married woman." Issue was joined on this plea.

The plaintiff joined issue on the first amended plea of the first, second and third counts of the declaration, and also upon the third and fifth amended pleas. The plaintiff also filed the following replication to the fourth amended plea:

"3. For replication to the fourth amended plea, plaintiff says: That the consideration for the several notes sued upon herein, and declared upon in the first, second and third counts of plaintiff's declaration, was fertilizers consigned and shipped by the plaintiff to the defendants, as a co-partnership, conducting a mercantile business under the firm name of F. A. Fisher Company, at Lawtey, Florida, and said goods were received by the F. A. Fisher Company as a co-partnership, and pursuant to a written agreement theretofore made between the parties, reciting the partnership consisting of F. A. Fisher, M. E. Edwards, D. R. Edwards and G. W. Brown, as alleged in plaintiff's declaration, and all dealings by said defendants, with the plaintiff in relation thereto, were as a co-partnership under the firm name and style of F. A. Fisher Company, and pursuant thereto, the said notes were

signed by a member of the said firm, and the manager
of the said firm, to-wit: F. A. Fisher, in the said firm
name, to-wit: F. A. Fisher Company, being the same
F. A. Fisher who made the original contract, and had
all dealings and transactions in relation thereto, with
the plaintiff, and the plaintiff accepted the said notes,
signed with, and in the said firm name, as a co-partner-
ship, believing in good faith when said notes were ac-
cepted that the same was a co-partnership, composed of
the individuals, as alleged in plaintiff's declaration."

The plaintiff also filed the following replication to sixth
amended plea:

"5.  For replication to defendants' sixth amended plea,
plaintiff says: That subsequent to the execution of the
notes sued upon, to-wit: On the .... day of December,
A. D. 1905, D. R. Edwards, husband of the defendant
M. E. Edwards, died, and the said M. E. Edwards thereby
became a widow, and thereafter, the said M. E. Edwards
continued in the said business, with, and as a member of
the firm of 'F. A. Fisher Company,' as a co-partnership,
as alleged in plaintiff's declaration, and the co-partner-
ship of which the said M. E. Edwards was a member, after
the death of the said D. R. Edwards, was in possession of
a part of the fertilizers that were the consideration for
the notes and account sued upon, and the said co-partner-
ship thereafter continued to sell the said fertilizers, and
receive monies therefor, the said monies being received in
trust for the plaintiff herein, and thereby, and by reason
thereof, the said M. E. Edwards, a widow, ratified and
confirmed the making of the said notes and the contract-
ing of the said indebtedness by the said firm of F. A.
Fisher Company, and thereby rendered herself liable for
the said indebtedness."

The plaintiff also filed a further replication as follows:
"That the said M. E. Edwards, with other members of

VOL. 58, JUNE TERM, 1909. 383

Va.-Car. Chem. Co. v. Fisher *et al.*—Statement of Case.

the said firm of F. A. Fisher Company, claiming to be a corporation under the laws of the State of Delaware, but in fact not a legal corporation, admitted the said indebtedness for which plaintiff now sues, in and by a pretended assignment for the benefit of the creditors, the plaintiff herein being among the said creditors, as appears by the record of Bradford County, Florida."

The defendant demurred to replications numbered 3 and 5 and assigned the following grounds:

1. The manner in which defendants dealt with plaintiff could not change or alter the status of defendants as to its corporate existence.

2. The adjudications of the defendant as a bankrupt precluded and estopped the plaintiff from now raising the questions as to whether the defendant is a corporation or a co-partnership.

3. The dealings with the plaintiff after the death of D. R. Edwards could not bind one or more or all of the incorporators as co-partners or individually.

4. The ratification of M. E. Edwards of the making of the notes and of the indebtedness sued on could not render the individual liable for the debts of a copartnership, or a corporation. The adjudication of the defendants as bankrupts precluded and estopped the plaintiff from now raising the question as to whether the defendants were a corporation or a copartnership. The ratification by a widow of an indebtedness assumed during coverture by either a corporation or a copartnership could not impose a liability on the defendant M. E. Edwards now widow.

The foregoing demurrer was sustained by the Circuit Judge. Issue was joined on the pleas and on the trial, after the evidence was submitted the trial judge directed a verdict for the defendants and after a motion for new trial was made and overruled a judgment was entered

in favor of the defendants. The case is here on writ of error from this judgment.

*W. W. Hampton* and *J. E. Futch,* for Plaintiff in Error;

*J. E. Hartridge* and *A. V. Long,* for Defendants in Error.

HOCKER, J., (*after stating the facts.*)—The assignments of error embrace the rulings of the trial judge on the demurrers to the special pleas of the defendants, and the rulings on the demurrer of the defendants to the replications of the plaintiff. These rulings involve the sufficiency of each and every one of the special pleas, for the ruling on the demurrer to the replications reaches back to the sufficiency of the substance of the pleas themselves.

As to the original pleas numbered one, three, four and five, and amended pleas numbered one and four, they one and all set up in substance that the defendants did not execute the notes sued on *as a copartnership,* or that they never were a *partnership under the name of F. A. Fisher Company.*

Rule 65 of the Rules of Circuit Court in Common Law Actions requires that in actions on promissory notes a plea must traverse the drawing or making, or endorsing, or accepting, or presenting, or notice of the dishonor of the bill or note. Neither of these pleas traverse in direct terms the making of the notes sued on by the defendants.

In the case of Marx v. Culpepper, 40 Fla. 322, 24 South. Rep. 59, the defendants were sued as partners for goods sold and delivered. They severally pleaded in abatement that neither was at the time of pleading, nor on the date mentioned in the declaration, nor at any intermediate time, a member of a copartnership composed of defendants doing business as Culpepper & Dupont, or otherwise.

On demurrer this court held these pleas presented immaterial issues and were bad. It was held though the declaration alleged a partnership in the defendants, that it alleged a joint liability and it was immaterial whether defendants were, or were not partners, that "not only are members of a partnership actually existing jointly liable for partnership debts, but when persons contract as partners, or hold themselves out to the public as such, or allow themselves to be so held out, they may be jointly liable though no partnership in fact existed.

There is no distinct allegation in any one of these pleas that the notes sued on were not executed by the defendants, and no distinct allegation that they were executed by a corporation. The defendants may have been stockholders in a corporation known as the F. A. Fisher Company, and yet may have dealt with the plaintiff so as to make themselves liable to the plaintiff as partners, or as individuals. It seems to us that these pleas presented no defense to the suit.

The fifth amended plea seems also to us to present no defense to this action. Granting that the F. A. Fisher Company was adjudged a bankrupt by the United States District Court and discharged from all its corporate debts, there is in this plea no direct allegation that the notes and other indebtedness sued on were made and contracted by the F. A. Fisher Company as a corporation, and not by the defendants as partners, or under such circumstances as would render them individually liable. Nor is there any allegation that the liabilities sued on in this case, were adjudged in the bankrupt court to be liabilities of the corporation. It may well be that the plaintiff might have waived its alleged rights against the defendants and have proven its claims in the bankruptcy court against the alleged corporation. But there is no allegation that it did so. We do not see how the fact

that the alleged corporation was adjudged a bankrupt and discharged from its debts could affect the liabilities of the stockholders as partners or as individuals. Corey v. Perry, 67 Me. 140. This plea is intended to be one of res adjudicata, and it is essential in such a plea that the parties must have appeared in the same capacity in the former, as in the latter suit. 24 Ency. Pl. & Pr. 734. In such a plea there must be (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made. Id. p. 778; Yulee v. Canova, 11 Fla. 9, text 56; also see McKinnon v. Johnson, 57 Fla. 120, 49 South. Rep. 910. The adjudication by the bankruptcy court established the status of the corporation described as the F. A. Fisher Company as a bankrupt with all the legitimate consequences flowing from that adjudication, but it does not distinctly appear from the plea that the claims sued on in the instant case were claims against the corporation. 1 Remington on Bankruptcy, §§ 444-5-6-7; Fowler v. Stebbins, 136 Fed. Rep. 365.

We next consider the sixth amended plea filed by Mrs. M. E. Edwards alleging that she was a married woman when the notes and debts sued on were executed and contracted, and the replication thereto to the effect that after the death of her husband she still continued to be a member of the alleged partnership of the F. A. Fisher Company, which was in possession of a part of the fertilizers and received the moneys therefor in trust for the plaintiff, and thereby ratified and confirmed the making of the notes and the contracting of the indebtedness and thereby rendered herself liable therefor.

This court has been committed to the doctrine that a married woman's note is void since the case of Hodges v. Price, 18 Fla. 342, and has also been committed to the

doctrine that a married woman cannot be a member of a partnership since the case of DeGraum v. Jones, 23 Fla. 83, 6, South. Rep. 925. We know of no constitutional or statutory changes affecting these decisions. It is laid down in 2 Page on Contracts § 931, "that as a married woman's contract is void and not voidable it is incapable of ratification by any agreement or conduct after the woman acquires the power to make contracts whether such power is acquired by the death of the husband or by her obtaining an absolute divorce from him, or by a change in the law giving her power to make contracts, &c. In obiter some dissent from this view may be found. Under some statutes moreover a contract of a married woman may be voidable only and subject to ratification. Ratification must be at least as formal, even under these statutes as an original contract. It must also be effected by conduct unequivocally intended as a ratification," &c. It seems to us that the plea of Mrs. Edwards if true was sufficient to protect her from any judgment in this case imposing personal liability upon her, and that the replication under the authorities cited set up no sufficient reply to the plea. The court therefore did not err in sustaining the demurrer to this replication.

Several other questions are presented by the assignments of error, but it seems to us that they depend upon those which we have discussed. It seems to us that the parties should be permitted to reform the pleadings in this case so as to present squarely and directly the issues, first, whether the notes and debt sued on were contracted and made by the F. A. Fisher Company as a corporation or second by the defendants as individuals or as partners. In the case of Duke v. Taylor, 37 Fla. 64, 19 South. Rep. 172, this court has clearly laid down the law relating to the conduct of business in this State by a foreign corporation, and it is useless to repeat here what is there ex-

pressed. So far as we can discover from the facts alleged in the pleadings it was not possible for the bankruptcy court to have adjudicated the questions involved in this suit. The facts in this case are unlike those in Bluthenthal v. Jones, 51 Fla. 396, 41 South. Rep. 533, in which no question was raised as to the character in which the parties dealt with each other.

The judgment of the Circuit Court is reversed and the case remanded for further proceedings.

TAYLOR and PARKHILL, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.