LILA M. LLOYD, *Appellant*, v. the COOPER CORPORATION, a corporation of the State of Ohio, *Appellee*.

Division B.

Opinion filed May 8, 1931.

*Edwin R. Dickenson, Burton G. Henson* and *Whitaker Brothers,* for Appellant;

*C. H. Martin,* for Appellee.

WHITFIELD, P.J.—This appeal is from a decree dismissing a second amended bill of complaint and from an order denying a motion to vacate the dismissal. A demurrer had been sustained on April 4, 1929, to the second amended bill of complaint and "the complainant allowed five days in which to file a third amended bill of complaint, and the defendant is allowed ...... days to plead or demur" thereto. The relief sought was the cancellation of a sheriff's deed to real estate claimed to be the separate property of a married woman and levied upon to satisfy a judgment at law obtained in the civil court of record for Hillsborough county against the married woman and her husband upon a promissory note executed by the husband and wife in the State of Ohio.

"A married woman's notes under the constitution and laws of Florida are void, and affords no basis for a common law suit." Va.-Car. Chem. Co. v. Fisher et al., 58 Fla. 377, 50 So. 504.

A contract made and valid in one State may not be enforced in another State when it is contrary to the law and public policy of the latter State. See Union Trust Co. v. Grosman, 245 U. S. 412.

It appears that about 10:30 a.m. April 10, 1929, a third amended bill of complaint was filed and about an hour later an order was filed dismissing the cause for failure to file an amended bill within the time allowed. It also appears that the files in the cause were in the possession

of defendant's counsel for a day or two, that complainant's counsel was engrossed in the trial of other causes, and that a Sunday intervened during the five days allowed for filing a third amended bill.

As the second amended bill of complaint does not wholly fail to state an equity for appropriate relief, there was error in dismissing it; and there was also error in refusing to vacate the dismissal under the circumstances shown even if the five days allowed had expired before an amended bill of complaint was filed.

Reversed for appropriate proceedings.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.