THE KELLOGG-CITIZENS NATIONAL BANK OF GREEN BAY, WISCONSIN, Plaintiff in Error, v. LILLIAN D. FELTON, Defendant in Error.

199' So. 50
En Banc
Opinion Filed November 19, 1940
Rehearing Denied December 10, 1940

*Watson & Pasco & Brown* and *Richard H. Merritt,* for Plaintiff in Error;

*Coe & McLane,* for Defendant in Error.

WHITFIELD, P. J.—It appears that several promissory notes for borrowed money were executed and delivered in the State of Wisconsin, all being signed by the married woman defendant in error, herein, and some of the notes were also signed by her husband, both husband and wife being then domiciled in the State of Wisconsin. In 1925 the husband and wife became domiciled in Florida, remaining therein. Renewal notes for the borrowed money appear to have been executed in 1926 in Florida with a Wisconsin date line, and delivered in Wisconsin while the husband and wife were domiciled in Florida. In 1929 an ordinary action on the renewal notes was brought in Florida against the husband and wife who were domiciled in Florida. Both defendants were personally served with process and both appeared in the cause by counsel. Judgment by default for not pleading was rendered against both defendants. On February 28, 1929, verdict and final judgment on the renewal notes against both defendants were rendered in favor of the plaintiff. Later the husband died in Florida survived by the widow, both being then domiciled in Florida. On motion of the widow, the court quashed the judgment as against the married woman, now a widow.

The following questions are presented by plaintiff in error:

## "Question One

"Is it contrary to the public policy of Florida to enforce a contractual liability of a married woman upon a promissory note validly made and binding at the place and time of its execution, where there has been no change in the agreement save for an extension of the time of payment by renewal?

"Question Two

"Does the trial court have authority in its common-law jurisdiction to vacate, quash and set aside a final judgment, not absolutely void, where it appears that no objection was made until approximately ten years after the expiration of the term during which the judgment was rendered?"

Copies of two of the notes are as follows:

"$200.00                    Green Bay, Wis., April 22, 1926

"Ninety Days after date for value we promise to pay to John Rose, Cashier or bearer at The Kellogg National Bank of Green Bay, Two Hundred Dollars, with interest at the rate of seven per cent. per annum until paid.

"Due July 21.                    "(s)  *M. S. Felton*
                                 "(s)  *Lillian D. Felton*

"Endorsed on back as follows:  Pay to H. G. Freeman, Atty., or order, Kellogg-Citizens National Bank Green Bay, Wis., I Torgerson, Ass't. Cashier."

"$500.00                    Green Bay, Wis., April 22, 1926.

"Ninety days after date for value received I promise to pay to John Rose, Cashier or bearer at The Kellogg National Bank of Green Bay, Five Hundred Dollars with interest at the rate of seven per cent per annum until paid.

"Due Oct. 4.                    (s)  *Lillian D. Felton*

"Endorsed on the back as follows:  Pay to Robert R. Freeman, Atty. or order Kellogg-Citizens National Bank Green Bay, Wis., I. Torgerson, Ass't Cash."

Such promissory notes given for borrowed money appear to be valid and enforceable against the married woman in Wisconsin; but they are not valid or enforceable as promissory notes under the laws of Florida against the married woman as personal liabilities or obligations unless she is a free dealer under the laws of Florida.  Nor do the notes

given for borrowed money create a liability against the married woman for the payment of which her separate property in Florida may be subjected under Sections 1 and 2, Article XI, of the Florida Constitution as to matters of substantive law and not merely procedure. See Hodges v. Price, 18 Fla. 342; Va.-Car. Chem. Co. v. Fisher, 58 Fla. 377, 50 So. 504; Fidelity & Cas. Co. v. Long, 94 Fla. 547, 114 So. 249; Lloyd v. Cooper Corp., 101 Fla. 533, 134 So. 562. See also Citizens Bank & Trust Co. v. Smith, 97 Fla. 601, 121 So. 900.

There has been quoted to us the following as a statute of the State of Wisconsin:

"Women shall have the same rights and privileges under the law as men in the exercise of suffrage, freedom of contract, choice of residence for voting purposes, jury service, holding office, holding and conveying property, care and custody of children, and in all other respects."

There is no statute of that nature in the State of Florida. The common law disabilities of married women are only partially removed in this State. The public policy of the State on this subject in Florida is controlled by the Constitution and pertinent statutes of the State.

On January 8, 1940, the surviving defendant, Lillian D. Felton, moved the court in which judgment was rendered: "to set aside and quash the final judgment herein rendered against her and for ground of such motion says that she was at the time of the rendition of the said judgment and theretofore for a long time had been a married woman, the wife of M. S. Felton, and remained such until the death of the same M. S. Felton on December 14, 1938, and that at the time of the making of the promissory notes to the plaintiff herein upon which this judgment is founded, she was a resident of the State of Florida and executed said notes in this State, and that said promissory notes were

given solely for money borrowed by and for the benefit of petitioner's husband, M. S. Felton, and the same did not inure to the benefit of her separate estate and at the time of the said transaction the said notes were invalid and ineffective under the laws of the State of Wisconsin as well as under the laws of the State of Florida, WHEREFORE petitioner prays that said judgment may be annulled as aforesaid."

A demurrer to the motion to quash the final judgment was overruled.

By answer to the motion to quash the final judgment, it is averred:

"1.  Plaintiff admits that at the time of the execution of said notes said Lillian D. Felton was the wife of M. S. Felton, her co-defendant in said suit, and remained the wife of said M. S. Felton until his death as alleged.

"2.  Plaintiff is without knowledge as to whether or not the said Lillian D. Felton was a resident of the State of Florida at the time of the execution of the promissory notes mentioned and demands proof thereof.

"3.  Plaintiff denies that the promissory notes were given solely for money borrowed by and for the benefit of said M. S. Felton and denies that the same did not inure to the benefit of her separate estate.

"4.  Plaintiff denies that said notes were invalid and ineffective to bind her under the laws of the State of Wisconsin and demands proof thereof.

"5.  Plaintiff alleges that the notes referred to, to-wit notes Nos. 39762, 39861, 40123, 41144, were delivered to the plaintiff in the city of Green Bay in the State of Wisconsin.

"6.  That said notes were renewals of previous notes executed by M. S. Felton and Lillian D. Felton, and Lillian

D. Felton individually, which were executed by the defendants while they were citizens and residents of the State of Wisconsin and delivered to the plaintiff at that time.

"7. That at the time of the execution of the original notes, of which the above-described are renewals, the petitioner had the legal power and capacity to contract and bind herself for the execution of said notes and that said original notes and the renewals thereof constitute a valid and binding contract against her under the laws of Wisconsin and that the judgment rendered thereon is a valid and binding judgment.

"8. That credit was extended and moneys advanced to M. S. Felton and Lillian D. Felton jointly and to Lillian D. Felton individually on the financial strength and credit of said Lillian D. Felton.

"9. Plaintiff alleges that the proceeds of the original note for $500.00, of which No. 41143 is a renewal and a part of the proceeds of notes which were combined to make renewal for $400.00, No. 39861, were deposited in the personal account of the petitioner, Lillian D. Felton.

"10. That the petitioner, Lillian D. Felton, and M. S. Felton did not either jointly or severally within the time authorized by the laws of the State of Florida take and enter any appeal from said judgment referred to in said petition.

Testimony was taken by the court.

The following order was made by the court:

"This cause coming on to be heard upon motion of defendant, Lillian D. Felton, to set aside and quash the judgment herein rendered against her and the same having been duly considered by the court upon said motion, plaintiff's answer thereto and evidence submitted by both parties and after hearing counsel, it is:

"ORDERED AND ADJUDGED that said motion to quash be and the same is hereby sustained and that the said judgment against Lillian D. Felton, recorded in Minute Book Z at page 70 of the records of this court, in favor of The Kellogg National Bank of Green Bay, a corporation, for the sum of $1,562.50, besides costs, be and the same is hereby quashed and annulled and that the defendant, Lillian D. Felton, go hence without day."

Writ of error was taken to such order or judgment.

The Constitution of Florida contains the following:

"All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women." Sec. 1, Art. XI. See Sec. 26, Art. IV, Constitution 1868; Sec. 5866 (3947) C. G. L., Acts of March 6, 1845.

"A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon with her knowledge and consent. Sec. 2, Art. XI.

Statutes provide:

"The common and statute laws of England which are of a general and not a local nature, . . . down to the fourth day of July, 1776, are hereby declared to be of force in this

State: Provided, the said statutes and common law be not inconsistent with the Constitution and laws of the United States and the Acts of the Legislature of this State (Nov. 6, 1829, Sec. 1.)" Sec. 87 (71) C. G. L.

"Any married woman owning real property may sell, convey, or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage." Sec. 5674 (3801) C. G. L.

By decree of the judge of the circuit court, a married woman in this State may become "a free dealer" with capacity "to take charge of and control her estate, to contract and be contracted with, to sue and be sued and to bind herself in all respects as fully as if she were unmarried." Secs. 5024 (3218)-5027 (3221) C. G. L.

Under the common law in force in this State, a married woman cannot by contract bind herself for personal liability; and a promissory note executed by her cannot be enforced against her as a personal liability unless she is a free dealer under the statutes of Florida. See Lewis v. Yale, 4 Fla. 418; Blood v. Hunt, 97 Fla. 551, 121 So. 886; Lloyd v. Cooper Corp., 101 Fla. 533, 134 So. 562. See also Dollner v. Snow, 16 Fla. 86.

"The rule of judicial comity has reference to the principle in accordance with which the courts of one State or jurisdiction will give effect to the laws and judicial decisions of another State, not as a matter of obligation, but out of deference and respect.

"While the statutes of one State have no force or effect in another State, courts of justice in one State will by the rule of comity assume jurisdiction of causes of action which are transitory in their nature and arise under the law of a foreign State.

"The extent and scope to which the rule of comity will

operate is not universal but will be determined by each sovereignty under the controlling facts of the particular case." Headnotes 1, 2, 3, Hartford A. & I. Co. v. City of Thomasville, 100 Fla. 748, 130 So. 7.

"A contract made and valid in one State may not be enforced in another State when it is contrary to the law and public policy of the latter State. See Union Trust Co. v. Grosman, 245 U. S. 412." Lloyd v. Cooper Corp., 101 Fla. 533, 134 So. 562.

In this case the evidence shows that the renewal notes sued on were executed in Florida and delivered in Wisconsin to renew original notes executed in Wisconsin while the makers were domiciled in Wisconsin. The original promissory notes were made for borrowed money, some of which borrowed money was placed to the credit of the married woman defendant in error, in Wisconsin, and other portions of the borrowed money were used by the husband for his purposes. There is also testimony that credit was given the married woman because she had property in Wisconsin. It is not shown that any of the borrowed money was used by or for the married woman for any of the purposes stated in Section 2 of Article XI of the Florida Constitution, or that the wife duly mortgaged her property to pay any debts of her husband under Section 1, Article XI, Constitution, above quoted.

While promissory notes executed and delivered by a married woman for borrowed money when domiciled in Wisconsin may be enforceable in that State as a personal liability against the married woman, such notes, whether original notes or renewal notes, executed in another State or in this State by a married woman domiciled in another State or in this state and not a free dealer under the laws of Florida, are *void as a personal liability* of the married woman under the laws of Florida, and cannot be enforced·

as a personal liability or obligation against the married woman domiciled in this State unless the married woman was a free dealer under the laws of Florida when such notes were executed, nor can the payment of such notes of a married woman executed in this or another State for borrowed money, be enforced against her separate property in this State, as a liability or obligation against the married woman with reference to her separate property in this State, *unless* such promissory notes executed by her are shown to be a component part of one or more of the several specific classes of liabilities or obligations of a married woman for which her separate property as matter of substantive law and not as mere procedure may be charged in equity and sold, or the uses, rents and profits thereof sequestrated under Section 2, Article XI, of the Constitution, *or unless* such notes are recognized by law as a part of a binding liability of the married woman for the debts of her husband by some instrument in writing executed according to the law respecting conveyances by married women, charging her separate property under Section 1 of Article XI, *or unless* such notes were executed for a benefit to her private property and are secured by a duly executed mortgage on her separate property in this State under Section 5674 (3801), *et seq.,* C. G. L., Hodges v. Price, 18 Fla. 342, or unless such married woman was a free dealer under the laws of Florida when the notes were executed. Any personal judgments or decrees obtained in this State against a married woman predicated upon her promissory notes for money borrowed, merely as personal obligations against her, being contrary to the substantive laws and the public policy of this State, are void unless executed by her as a free dealer under the laws of Florida.

Where such judgments or decrees rendered in this State against married women are *void* (as is the personal judg-

ment in this case rendered on mere promissory notes for borrowed money) and the money so borrowed is not shown to have been used so as to charge the separate property of the married woman in this State, under the substantive law provisions of Sections 1 and 2 of Article XI of the Florida Constitution, such a void judgment in so far as it was rendered against the married woman and is predicated upon promissory notes executed by her while a married woman and not a free dealer under the laws of this State, may be quashed at any time by the court rendering the decree or judgment. Such notes being void as a personal obligation of the married woman, her failure to defend against the notes does not give validity to the judgment against her on promissory notes that are void as a personal liability against her, when such notes were not shown to have been executed for any of the substantive law purposes named in Sections 1 and 2 of Article XI, Constitution, and she was not a free dealer under the laws of Florida when the notes were executed. The judgment as against the married woman being void when rendered, may be quashed as to her, at her instance when she becomes a widow.

Promissory notes, original or renewal, of a married woman not a free dealer, given merely for borrowed money, *being void* under the Florida law, such notes as promissory notes cannot legally be enforced in the courts of this State as a personal obligation against her while she is a married woman, or against her after the death of her husband.

It is not shown that any of the borrowed money was used in the purchase of property in this State. The mere placing of borrowed money to the credit of a married woman for which she signed promissory notes, will not make the married woman personally liable on her promissory notes; nor will that alone be sufficient as a predicate for subjecting the separate property of the married woman in

this State for payment of the notes under the laws of Florida, even though such credit was given her because she owned property, she not being a free dealer under the laws of Florida. The notes were not secured by mortgage under Section 5674 (3801) C. G. L. See Hodges v. Price, 18 Fla. 342. The public policy of this State as shown by its present Constitution and laws would be violated by such enforcement, though promissory notes for borrowed money, the deposit of the proceeds to the account of the married woman, the making of the loans because the married woman has property of her own, with other pertinent matters may be shown in proceedings to establish factual matters that are necessary and sufficient to subject the separate property of the married woman to the classes of liabilities and obligations designated by Section 2, Article XI, of the Constitution of 1885. See Citizens Bank & Trust Co. v. Smith, 97 Fla. 601, 121 So. 900; Deno v. Smith, 103 Fla. 282, 137 So. 248, 140 So. 335. Neither the original nor the renewal notes for borrowed money, when executed by her, created a liability against the married woman not a free dealer, on which a personal judgment against her may be rendered in this State by comity or otherwise, even if a part of the borrowed money was placed to her credit in a bank and her promissory note was taken because she had property of her own, if no use of the money by or for her under the present Constitution of Florida is shown to be sufficient to subject her separate property in this State. She was not a free dealer under the laws of Florida when the notes were executed. See Blood v. Hunt, 97 Fla. 551, 121 So. 886.

In Kermans v. Strobhar, 106 Fla. 148, 143 So. 138, Mr. Justice BROWN ably discusses the law and authorities in cases of this nature, with the result in that case that final judgments on default rendered in this State after personal service of process on the husband and wife and their ap-

pearance in the cause and not defending, while residents of this State, were sustained in a suit in equity to cancel and annul the judgments.

The indebtedness of the married woman in that case was incurred in another State where it was binding on the married woman personally for the price of property purchased by her in that State while a resident of this State, which purchase price could be enforced in equity against her separate property in this State under Section 2, Article XI; and as a personal judgment could have been obtained in the other State against her if she resided there, it was held that in recognition of the rules of comity, the decree of the circuit court annulling the judgments at law obtained in this State against her in that case was erroneous; and that such judgment obtained against her in this State should be enforced against her separate property in this State, for the price of property purchased by her in the other State even though as matter of procedure the judgments were at law on the indebtedness and not decrees in equity to subject the separate property of the married woman to the indebtedness for which such property could be made liable under the substantive provisions of Section 2, Article XI, of the Constitution of this State, the judgments being rendered in this State under the principles of comity.

In the instant case the promissory notes were given for borrowed money; and it is not shown that the money was used for any purpose designated in Section 2, Article XI, of the Constitution, for which the separate property of the married woman in this State may be subjected in equity to pay the amounts claimed. The married woman was not shown to be a free dealer under the laws of Florida. Secs. 5674 (3801), *et seq.*, C. G. L.

Affirmed.

TERRELL, C. J., BUFORD and CHAPMAN, J. J., concur.

Brown, J., dissents.

Justice Thomas not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## On Rehearing

Per Curiam.—On this writ of error full effect was given to the renewal notes as extensions of the original promissory notes executed and delivered in Wisconsin, payable there, by the makers who were then domiciled in Wisconsin. This assumed the validity of the notes as a personal liability of the married woman under the laws of Wisconsin.

The decision is that the notes, though valid against the married woman under the laws of Wisconsin, will not be enforced in the courts of this State because in Florida such notes are invalid as a personal liability of the married woman not a free dealer, and their enforcement in the courts of this State as a personal liability or obligation of the married woman is contrary to the Constitution and to the general statutes and the definite public policy of the State of Florida, there being no basis shown for subjecting in equity the married woman's separate property in this State to the payment on such notes, under Sections 1 and 2, Article XI, of the Florida Constitution. See Lloyd v. Cooper Corp., 101 Fla. 533, 134 So. 562.

"When the *lex loci contractus* and the *lex fori* as to conflicting rights acquired in each, come in direct collision, the comity of nations must yield to the positive law of the land." 2 Kent's Comm. 461. See Walters v. Whitlock, 9 Fla. 86, text p. 96; Crowell v. Skipper, 6 Fla. 580-4; Am. Law Inst.; Restatement of the Law of Conflict of Laws, Sec. 612; 15 C. J. S., p. 853, *et seq.* 11 Am. Jur., p. 300, *et seq.*

In Kerman's v. Strobhar, 106 Fla. 148, 143 So. 138, the

married woman's separate property was subject in equity under Section 2, Article XI, Florida Constitution, for the price of property purchased by her.

Plaintiff in error obtained a judgment at law on the promissory notes in the Florida courts against the married woman and her husband who was then living; and the same court vacated the judgment as to the married woman. As the promissory notes, though valid under the laws of Wisconsin, were invalid under the laws of Florida as a personal obligation of the married woman not a free dealer, and not enforceable in the Florida courts by comity, the judgment at law against the married woman on such notes was likewise invalid and not enforceable as an entirety in so far as it affected her as a personal obligation, and the order vacating the judgment as to the married woman on legal grounds under the laws of Florida was affirmed.

Rehearing denied.

TERRELL, C. J., WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.

Justices THOMAS and ADAMS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.