**WORKINGMEN'S CO-OPERATIVE BANK v. AGNES WALLACE.**

9 So. (2nd) 731                                    Division A
September 11, 1942      Rehearing Denied September 29, 1942

C. D. Blackwell and J. H. Lesser, for appellants.
Charles B. Fulton, for appellee.

BUFORD, J.:

Agnes Wallace, then a married woman, and her husband, George M. Wallace, suffered judgment to be entered against them in the Superior Court of Suffolk County, Massachusetts on the 23rd day of October, 1931. The judgment is valid as against both parties in the State of Massachusetts. Since the entry of judgment and before suit was instituted in the Circuit Court of Palm Beach County (Florida), Agnes Wallace and George M. Wallace were divorced. So she was a single woman when the suit was instituted in Florida.

Plaintiff in the court below filed suit in Chancery against Agnes Wallace to recover on the Massachusetts judgment, pleading the record and the judgment.

The judgment entered in the State of Massachusetts is the cause of action sued on here and not the note which was the cause of action on which the Massachusetts judgment was entered.

Motion was interposed to dismiss the amended bill of complaint and also to transfer the cause to the law side of the court pursuant to Sec. 75 of Florida Chancery Practice Act.

Motion to dismiss was granted and plaintiff appealed.

We find no ground for the invoking of relief in a court of equity reflected in the original or in the amended bill of complaint, but the allegations are sufficient to show that plaintiff has a cause of action enforcible in a court of law against the defendant, although it appears to be the joint judgment obligation against the defendant and another.

It, therefore, follows that the cause should have been ordered transfered to the law side of the court, pursuant to Sec. 75 of Fla. Chancery Act.

This is true, regardless of the approach which may be adopted in considering the matter. If we should look behind the judgment (which we do not) and consider the note on which the judgment was based, we would find it a good and valid obligation at the time and place it was made and since the maker is now a femme sole she may be sued in this State on an obligation which was good and valid when and where made.

We find that the law applicable here is as stated and applied by the U. S. Supreme Court in the cases of Thomas C. Fauntleroy, v. J. J. Lum, 210 U.S. 230, 52 L. Ed. 1039, 28 S. Ct. Rep. 641 and Kennedy, Adm., v. Supreme Lodge of World, L.O.M., 252 U.S. 411, 64 L. Ed. 638, 10 A.L.R. 716,—and by the Court of Appeals of the District of Columbia in Heiston v.

National City Bank etc., 51 App. D.C. 394, 280 Fed. 525. See notes 10 A.L.R. 719 and 24 A.L.R. 1437.

By these authorities it appears to be definitely and clearly settled that with complete jurisdiction of the subject matter and the parties, a judgment must, under the paramount law of the land, be accorded the same faith and credit in every court in the United States as it has been by the law and usage of the courts in the State where it was originally rendered, and that this is true, although the judgment is based on a cause of action which could not be lawfully enforced in the State in which enforcement of the judgment is sought. (Art. IV, Sec. 1, U.S. Constitution.)

For the reasons stated, the order and decree dismissing amended bill of complaint is reversed and the cause remanded with directions that the same be transferred to the law side of the court for further proceedings in accordance with law and the rules of practice.

So ordered.

Reversed and remanded.

BROWN, C. J., and WHITFIELD and ADAMS, JJ., concur.

PER CURIAM:

In petition for rehearing it is contended that in the opinion and judgment filed herein on September 11, 1942, we departed from the rule stated in Nelson, et al., v. Ziegfield, 100 Fla. 1433, 131 Sou. 316, because in that case we held:

"Where the declaration and the proof show that the obligation upon which suit was brought was the joint obligation of the defendant and another, the obligation being joint, the action to enforce the obligation must

be joint. Proof of a joint obligation will not support an action against one of the joint obligors wherein the plaintiff alleges a several or single liability against such joint obligor."

We. have not departed from that holding in the instant case. The principle of law there involved is not yet presented. This was a chancery suit and our judgment entered, supra, is that "The Order and Decree dismissing the amended bill of complaint is reversed and the cause remanded with directions that the same be transferred to the law side of the court for further proceedings in accordance with law and the rules of practice."

Under our procedure, when this case is transferred to the law side of the court a declaration will be filed and the issues will be therein presented. Whether the plaintiff's declaration will be sufficient or not we do not look into the future to determine.

Petition for rehearing denied.

BROWN, C. J., WHITFIELD, BUFORD, and ADAMS, JJ., concur.