**ROOPE et al. v. PROVIDENT INSTITUTION FOR SAVINGS IN TOWN OF BOSTON.**

**No. 10889.**

Circuit Court of Appeals, Fifth Circuit.

April 20, 1944.

Herbert S. Sawyer, of Miami, Fla., for appellants.

H. Reid DeJarnette, of Miami, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Appellant, a married woman residing in Massachusetts, executed a promissory note in that State which, according to its laws, was valid. She later moved with her husband to Florida where a married woman's note, prior to the enactment of Chapter 21932, Laws of Florida, 1943, F.S.A. §§ 708.08 to 708.10, was void if executed in Florida, and unenforceable if executed elsewhere. But she was pursued by legal action even in this "City of Refuge", for such Florida formerly was for married women who sought surcease from their written obligations to pay money.

Time was when the Supreme Court of Florida would gather such married women under its wing and shield them as a hen doth her brood. It seems that frequently there were nonresident holders of notes who cruelly sought to recover the substance with which they had theretofore parted at the behest of these feme coverts.

Appellant, when sued in Florida on the Massachusetts note, asserted that the note was a nullity under the laws of Florida on account of the fact that she was a married woman when she executed the note in Massachusetts. Her counsel called to his support decisions of the Supreme Court of Florida which, from time immemorial, had held that the note of a married woman, executed in Florida, was void. Counsel also cited Kellogg-Citizens National Bank v. Felton, 145 Fla. 68, 199 So. 50, 54, which held in the original opinion:

"While promissory notes executed and delivered by a married woman for borrowed money when domiciled in Wisconsin may be enforceable in that State as a personal liability against the married woman, such notes, whether original notes or renewal notes, executed in another State or in this State by a married woman domiciled in another State or in this State and not a free dealer under the laws of Florida, are void as a personal liability of the married woman under the laws of Florida and cannot be enforced as a personal liability or obligation against the married woman domiciled in this State unless the married woman was

a free dealer under the laws of Florida when such notes were executed; * * *."

On rehearing the Court, in an effort to clarify its original opinion, made the following statement, which seems to place the refusal to permit recovery on the theory of a denial of access to the Courts for enforcement rather than upon the theory that the notes were void: "The decision is that the notes, though valid against the married woman under the laws of Wisconsin, will not be enforced in the courts of this State because in Florida such notes are invalid as a personal liability of the married woman not a free dealer, and their enforcement in the courts of this State as a personal liability or obligation of the married woman is contrary to the constitution and to the general statutes and the definite public policy of the State of Florida, * * *."

But the binding effect of the quoted holding is considerably loosened, if not entirely torn in two, by the subsequent decision of the Supreme Court of Florida in Workingmen's Co-Operative Bank v. Wallace, 151 Fla. 329, 9 So.2d 731, 732, wherein the Court said: "This is true regardless of the approach which may be adopted in considering the matter. If we should look behind the judgment (which we do not) and consider the note on which the judgment was based, we would find it a good and valid obligation at the time and place it was made and since the maker is now a feme sole she may be sued in this State on an obligation which was good and valid when and where made."

Oft repeated precedent compels the acceptance of the holdings of Florida Courts that because the notes of a married woman are void in this State and create no personal liability against her, it would be contrary to the public policy of this State for the Courts to allow recovery against her even though the note was valid in the State where made. But we have great hesitation in subscribing to the view that the Florida Supreme Court could convert a concededly valid note into a void one merely because it was sued on in Florida, as seems to have been the initial holding in Kellogg-Citizens National Bank v. Felton, supra. But whether the Supreme Court of Florida intended to so hold or not, the later case of Workingmen's Co-Operative Bank v. Wallace, supra, announces no such doctrine. It recognizes the validity of the married woman's note made in Massachusetts and authorizes suit against the maker who, in the meantime, had become a feme sole.

We not only consider ourselves bound by the latter decision of the Supreme Court of Florida, but we much prefer the reasoning therein, despite its denomination by appellant as dictum.

However, our conclusion in this case need not be based entirely upon the decisions rendered prior to the passage of Chapter 21932, Laws of Florida, Acts of 1943, which chapter abolished the disability of married women in respect to their lack of power "to contract and to be contracted with, to sue and to be sued." A married woman's contract by the above statute was made lawful in Florida and whatever might have been the public policy of the State theretofore, at the time the judgment in the instant case was pronounced the public policy of Florida was not that promissory notes of married women were void or that the Courts would be closed to suits by persons holding promissory notes of married women.

The note in question was valid in Massachusetts and the law of Florida could not make it void. It might have continued, however, to deny the holder access to its Courts if the Legislature had seen fit. Not having done so, but on the contrary having passed Chapter 21932, there is no room for argument that the judgment before us is now contrary to the public policy of the State of Florida. The public policy which controls this Court is that which is in effect at the time of the consideration of an appeal. The Court will not reverse a case merely because it was contrary to public policy at the time of the filing of the suit if the Legislature has in the meantime changed that policy to the end that the proceeding is not against public policy at the time of rendition of the judgment. See Surf Club v. Tatem Surf Club, 151 Fla. 406, 10 So.2d 554; 5 R.C.L. pp. 943, 944, § 29.

The judgment is affirmed.